EUNICE EBBING, Plaintiff-Appellant, v. ROBERT PRENTICE *et al.*, Defendants-Appellees.

Third District   No. 3—91—0275

Opinion filed January 31, 1992.—Rehearing denied March 11, 1992.

Theodore A. Gilbert, of Karlin & Fleisher, and Linda A. Bryceland, of David A. Novoselsky & Associates, both of Chicago (David A. Novoselsky, of counsel), for appellant.

D. Kendall Griffith, of Hinshaw & Culbertson, of Chicago, and Mark Rasmussen, of Peoria (Gary J. Bazydlo, of counsel), for appellee Robert Prentice.

D. Kendall Griffith, of Hinshaw & Culbertson, of Chicago, and Gary M. Peplow and Bradley S. McMillan, both of Heyl, Royster, Voelker & Allen, and Mark Rasmussen, both of Peoria (Gary J. Bazydlo and Karen L. Kendall, of counsel), for appellee Robert R. Ayers.

JUSTICE SLATER delivered the opinion of the court:

Plaintiff Eunice Ebbing appeals from the dismissal of her medical malpractice complaint for failure to comply with section 2—622 of the Code of Civil Procedure (Ill. Rev. Stat. 1989, ch. 110, par. 2—622). We reverse and remand.

According to plaintiff's complaint, defendant doctors Robert Prentice and Robert Ayers performed hip replacement surgery on plaintiff and her leg was fractured as a result. Plaintiff filed a medical malpractice complaint against defendants Prentice, Ayers and Community Memorial Hospital on May 24, 1990. The complaint against the hospital was subsequently dismissed and the hospital is not a party to this appeal. Plaintiff's original complaint did not include the affidavit or physician's report required by section 2—622. That section provides, in part:

> "§2—622. Healing art malpractice. (a) In any action, whether in tort, contract or otherwise, in which the plaintiff seeks damages for injuries or death by reason of medical, hospital, or other healing art malpractice, the plaintiff's attorney or the plaintiff, if the plaintiff is proceeding pro se, shall file an affidavit, attached to the original and all copies of the complaint, declaring one of the following:
>
> 1. That the affiant has consulted and reviewed the facts of the case with a health professional who the affiant reasonably

believes: (i) is knowledgeable in the relevant issues involved in the particular action; (ii) practices or has practiced within the last 6 years or teaches or has taught within the last 6 years in the same area of health care or medicine that is at issue in the particular action; and (iii) is qualified by experience or demonstrated competence in the subject of the case; that the reviewing health professional has determined in a written report, after a review of the medical record and other relevant material involved in the particular action that there is a reasonable and meritorious cause for the filing of such action; and that the affiant has concluded on the basis of the reviewing health professional's review and consultation that there is a reasonable and meritorious cause for filing of such action. *** A copy of the written report, clearly identifying the plaintiff and the reasons for the reviewing health professional's determination that a reasonable and meritorious cause for the filing of the action exists, must be attached to the affidavit, but information which would identify the reviewing health professional may be deleted from the copy so attached.

2. That the affiant was unable to obtain a consultation required by paragraph 1 because a statute of limitations would impair the action and the consultation required could not be obtained before the expiration of the statute of limitations. If an affidavit is executed pursuant to this paragraph, the certificate and written report required by paragraph 1 shall be filed within 90 days after the filing of the complaint. The defendant shall be excused from answering or otherwise pleading until 30 days after being served with a certificate required by paragraph 1.

***

(b) Where a certificate and written report are required pursuant to this Section a separate certificate and written report shall be filed as to each defendant who has been named in the complaint and shall be filed as to each defendant named at a later time.

* * *

(g) The failure to file a certificate required by this Section shall be grounds for dismissal under Section 2—619." Ill. Rev. Stat. 1989, ch. 110, par. 2—622.

On July 23, 1990, defendant Dr. Prentice filed a motion to dismiss plaintiff's complaint for failure to comply with section 2—622. Thereafter, defendant Dr. Ayers also filed a motion to dismiss based on two grounds: (1) that the complaint improperly commingled separate

causes of action against Dr. Prentice and Dr. Ayers in a single count; and (2) that the complaint failed to comply with section 2—622. At the October 3, 1990, hearing on the motions, plaintiff made an oral motion for leave to file the affidavit and physician's report required by section 2—622. The trial court continued plaintiff's motion and also continued defendants' motions to dismiss for failure to comply with section 2—622. The court granted Dr. Ayers' motion to dismiss based on the commingling of causes of action and granted plaintiff leave to file an amended complaint.

On October 22, 1990, plaintiff filed an amended complaint alleging separate causes of action against the defendants and attached an affidavit and written physician's report. On March 27, 1991, the trial court granted defendants' motions to dismiss and dismissed the plaintiff's complaint with prejudice. On appeal, plaintiff contends that the trial court abused its discretion in dismissing her complaint. We agree.

■ "[A] medical malpractice plaintiff should be afforded every reasonable opportunity to establish [her] case ***." (*Hansbrough v. Kosyak* (1986), 141 Ill. App. 3d 538, 549, 490 N.E.2d 181, 188.) It is within the trial court's discretion to permit amendments to the pleadings to add the documents required by section 2—622 (*McCastle v. Sheinkop* (1987), 121 Ill. 2d 188, 520 N.E.2d 293), and such amendments "are to be liberally allowed to enable medical malpractice actions to be decided on their merits rather than on procedural technicalities" (*Moss v. Gibbons* (1989), 180 Ill. App. 3d 632, 638, 536 N.E.2d 125, 129). Moreover, the technical requirements of section 2—622 should not interfere with its spirit or purpose. (*Requena v. Franciscan Sisters Health Care Corp.* (1991), 212 Ill. App. 3d 328, 570 N.E.2d 1214.) The purpose of section 2—622 is not to burden the plaintiff with insurmountable hurdles, but to reduce the number of frivolous malpractice suits. *Requena*, 212 Ill. App. 3d 328, 570 N.E.2d 1214.

Defendants do not contend that plaintiff's suit is frivolous. They maintain, however, that the trial court did not abuse its discretion in dismissing plaintiff's complaint because plaintiff failed to show good cause for neglecting to file the required documents in a timely manner. Plaintiff asserts that her failure to file the documents were due to her reliance on *DeLuna v. St. Elizabeth's Hospital* (1989), 184 Ill. App. 3d 802, 540 N.E.2d 847, *appeal allowed* (1989), 127 Ill. 2d 614, 545 N.E.2d 107, in which the first district held that the requirements of section 2—622 are unconstitutional. Defendants argue that plaintiff's reliance on *DeLuna* does not constitute good cause because this

court, prior to *DeLuna*, upheld the constitutionality of section 2—622 in *Sakovich v. Dodt* (1988), 174 Ill. App. 3d 649, 529 N.E.2d 258.

In *Cato v. Attar* (1991), 210 Ill. App. 3d 996, 569 N.E.2d 1111, a second district case, the plaintiff similarly contended that her noncompliance with section 2—622 was based upon her reliance on *DeLuna*. The defendants argued that plaintiff's reliance on an appellate court opinion from another district that was contrary to a prior opinion rendered by the second district did not establish good cause for the late filing of the affidavit and medical report. The appellate court noted that while it did not condone incomplete research by an attorney, the plaintiff had presented current Illinois case law supporting her lack of compliance. The court stated:

> "There is no indication of bad faith or an intent to frustrate justice by plaintiff. We can discern no prejudice that would have inured to defendant if the court would have either allowed amendment or dismissed the complaint without prejudice. As previously noted, medical malpractice cases should be determined on the merits when at all possible." *Cato*, 210 Ill. App. 3d at 1000, 569 N.E.2d at 1114.

Similarly in this case, while plaintiff's attorney may have been imprudent in relying on *DeLuna*, we discern no indication of bad faith. We find that plaintiff made a sufficient showing of good cause for her failure to file the section 2—622 documents in a timely manner.

■ Defendants also contend that dismissal of plaintiff's complaint was proper because the physician's report submitted by plaintiff was inadequate. Defendants point to the report's failure to specifically name the defendants and explain how each breached the applicable standard of care. Defendants also note that plaintiff failed to file separate reports as to each defendant as required by section 2—622(b). The physician's report filed by plaintiff stated:

> "I am a board certified orthopedic surgeon licensed to practice orthopedics in the State of Illinois. Per your request, I have reviewed the relevant records and x-rays of Eunice Ebbing. Based upon my review of these records, it is my opinion that the doctors who performed the hip replacement upon Ms. Ebbing breached the applicable standard of care.
>
> I have concluded that the standard of care was breached for the following reasons. First, Ms. Ebbing suffered from severe osteoporosis which predisposed her to fractures. Given this fact, the surgeons performing the hip replacement needed to take special precautions to avoid a fracture. These precautions included the presence of adequate trained assistants and avoid-

ance of excessive force upon Ms. Ebbing's femur during the surgical procedure, especially when her leg was dislocated and reduced. The failure to take such precautions resulted in a supra condylar femoral fracture far removed anatomically from the surgical site.

Furthermore, the standard of care was breached when the doctors corrected this fracture since medial displacement of the fracture was accepted resulting in altered weight bearing of the knee."

Defendants contend that the report was simply a generalized conclusion of medical malpractice which could not support a determination that plaintiff had a meritorious claim against either defendant. We disagree.

While it is true that defendants are not named in the physician's report, under the circumstances we view this as a minor deficiency. A review of all the pleadings clearly demonstrates that the report refers to defendants. Defendants are the only physicians named in the complaint and the allegations of negligence against each defendant are identical. The report states that the surgeons and doctors who treated plaintiff breached the standard of care by committing certain acts or omissions. These acts and omissions parallel the allegations contained in the complaint. We believe that the report was sufficiently clear and detailed to meet the requirements of section 2—622, absent a showing by defendants that they were prejudiced by any deficiencies. In addition, we find that the plaintiff's failure to file separate reports as to each defendant was merely a technical deficiency which "should not be utilized to deprive the plaintiff of [her] substantive rights" (*Requena*, 212 Ill. App. 3d at 333, 570 N.E.2d at 1217). In summary, as we stated in a previous case:

"[W]e find that the medical report and affidavit of merit filed in this case were minimally sufficient to statisfy section 2—622 and the trial court's dismissal of the case with prejudice was erroneous. The healing art malpractice act was enacted to deter nonmeritorious litigation. It should not be so strictly construed that exquisite and fine technicalities can be used as a means of stripping plaintiffs of their substantive rights and their day in court. This interpretation of the statute furthers the Act's broad purpose while at the same time complying with the legislative mandate that the Code of Civil Procedure be liberally construed so as to protect the substantive rights of the parties." *Hagood v. O'Conner* (1988), 165 Ill. App. 3d 367, 374, 519 N.E.2d 66, 70.

In view of our decision, we need not address plaintiff's additional arguments that section 2—622 is unconstitutional and that the court erred in refusing to certify a bystander's report of proceedings.

For the reasons stated above, the judgment of the circuit court is reversed and the cause is remanded for further proceedings.

Reversed and remanded.

HAASE and McCUSKEY, JJ., concur.