DENISE MUELLER, Plaintiff-Appellant, v. NORTH SUBURBAN CLINIC, LTD., *et al.*, Defendants-Appellees (Ellen Jansyn, Defendant).

First District (4th Division) No. 1—97—2986

Opinion filed September 30, 1998.

Riffner & Scott, P.C., of Schaumburg (David S. Hung and Edward A. Scott III, of counsel), for appellant.

Swanson, Martin & Bell, of Chicago (Kevin Martin and William Weiler, of counsel), for appellee Manuel Perez.

Lord, Bissell & Brook, of Chicago (Laura Ginet, Cara Zemanek, Diane Jennings, and Leslie Rosen, of counsel), for appellee Humana Hospital of Hoffman Estates.

Arnstein & Lehr, of Chicago (David Waxman, of counsel), for appellee North Suburban Clinic, Ltd.

Bell, Boyd & Lloyd, of Chicago (Stephen O'Neil, of counsel), for appellee Peter Palermo.

Hinshaw & Culbertson, of Chicago (James Hofert of counsel), for appellee Jeffrey Lindahl.

JUSTICE HOFFMAN delivered the opinion of the court:

The trial court dismissed this medical negligence action after finding that the physician's report filed in support of the plaintiff's complaint failed to comply with the requirements of section 2—622 of the Code of Civil Procedure (Code) (735 ILCS 5/2—622 (West 1994)). Thereafter, the plaintiff's motion for reconsideration and for leave to file an amended section 2—622 report was denied, and this appeal followed. For the reasons that follow, we affirm in part, reverse in part, and remand this action for further proceedings.

On March 1, 1995, the plaintiff, Denise Mueller, filed the instant action against 14 physicians, North Suburban Clinic Ltd. (North Suburban), and Humana Hospital of Hoffman Estates (Humana). The plaintiff sought recovery against the physician-defendants for injuries she allegedly sustained as a consequence of their medical negligence. The liability of North Suburban and Humana was premised on the doctrine of *respondeat superior* in that the physician-defendants are alleged to have been their employees or agents at the time of the acts and omissions set forth in the plaintiff's complaint.

When her complaint was originally filed, the plaintiff attached her attorney's affidavit stating that he was unable to consult with a health care professional as required by section 2—622 prior to the expiration of the applicable statute of limitations. Thereafter, on May 30, 1995, the plaintiff filed her attorney's section 2—622 affidavit, attesting, *inter alia*, that he had consulted with a physician he believed to be knowledgeable in the issues relevant to the case who determined that there was a reasonable and meritorious cause for the filing of this action. Attached to the attorney's affidavit was a copy of the report issued by the physician with whom he had consulted. A number of the defendants filed motions to dismiss the plaintiff's complaint arguing that the physician's report did not comply with the requirements of section 2—622 of the Code. On September 8, 1995, prior to a hearing

on the defendants' motions, the plaintiff voluntarily dismissed 10 of the physician-defendants and was granted until October 6, 1995, to file an amended section 2—622 affidavit and physician's report as to the remaining defendants.

The plaintiff failed to file an amended affidavit and report within the time allowed in the court's order of September 8, prompting several of the defendants to again move for dismissal by reason of her failure to comply with the requirements of section 2—622 of the Code. On November 17, 1995, the plaintiff filed her amended section 2—622 affidavit and a "superseding" physician's report. Thereafter, certain of the defendants again moved for dismissal citing inadequacies in the physician's report. On February 6, 1996, the court struck the physician's report filed on November 17 and ordered the plaintiff to file a second amended report by March 12, 1996, which date was extended to April 9, 1996, by a subsequent order.

When the plaintiff failed to file the second amended report by April 6, the defendant, Peter Palermo, again moved for dismissal by reason of the plaintiff's failure to comply with section 2—622 of the Code. On the date that Palermo's motion came on for hearing, the plaintiff moved for and was granted leave to file her second amended physician's report. On that same date, Palermo's motion was denied and the defendants were ordered to answer or otherwise plead to the plaintiff's complaint.

The defendants, Manuel Perez, Palermo, and North Suburban, again moved for dismissal citing deficiencies in the plaintiff's latest section 2—622 report. The trial court granted the motions on August 15, 1996, but again granted the plaintiff leave to file an amended report.

After the plaintiff failed to file an amended report by September 26, 1996, the date specified in the court's order of August 15, Perez again moved to dismiss this action by reason of the plaintiff's failure to comply with section 2—622 of the Code. All remaining defendants, with the exception of Ellen Jansyn, who was never served with summons, joined in Perez's motion.

On December 4, 1996, the trial court granted the plaintiff leave to file her amended section 2—622 report over the defendants' objection, noting, however, that there was no adequate excuse for the tardy filing. Thereupon, the parties, including the plaintiff, agreed to an immediate hearing as to the adequacy of the report. After entertaining argument on the issue, the trial court found that the physician's report failed to comply with the requirements of section 2—622 of the Code and dismissed the action with prejudice.

On December 30, 1996, the plaintiff filed a motion requesting that

the court reconsider its dismissal order of December 4 or, in the alternative, grant the plaintiff leave to file yet another amended section 2—622 report. The trial court denied the plaintiff's motion, and this appeal followed.

■ Prior to addressing the merits of this appeal, we find it necessary to address our standard of review. The defendants argue that we are to apply an abuse of discretion standard to the trial court's determination that the physician's reports filed by the plaintiff failed to comply with the requirements of section 2—622 of the Code. To be sure, there are a number of reported decisions which so hold. See *Jacobs v. Rush North Shore Medical Center*, 284 Ill. App. 3d 995, 997, 673 N.E.2d 364 (1996); *Cuthbertson v. Axelrod*, 282 Ill. App. 3d 1027, 1034, 669 N.E.2d 601 (1996); *Winters v. Podzamsky*, 252 Ill. App. 3d 821, 827, 621 N.E.2d 72 (1993); *Moss v. Gibbons*, 180 Ill. App. 3d 632, 638, 536 N.E.2d 125 (1989). We readily acknowledge that such a deferential standard must be applied to our review of a trial court's determination to dismiss an action with prejudice after finding that the plaintiff has failed to comply with section 2—622 and also to its decision on whether to permit further amendment. *McCastle v. Sheinkop*, 121 Ill. 2d 188, 192-94, 520 N.E.2d 293 (1987). However, we believe that our review of the issue of whether a physician's report complies with section 2—622 is *de novo*.

Section 2—622(g) of the Code provides that a plaintiff's failure to comply with the pleading requirements of section 2—622(a)(1) shall be "grounds for dismissal under section 2—619 [(735 ILCS 5/2—619 (West 1994))]." 735 ILCS 5/2—622(g) (West 1994). An appeal from a section 2—619 dismissal raises the issue of whether the trial court's order is proper as a matter of law and is, therefore, given a *de novo* review. *Kedzie & 103rd Currency Exchange, Inc. v. Hodge*, 156 Ill. 2d 112, 116-17, 619 N.E.2d 732 (1993).

On the merits of her appeal, the plaintiff argues that the trial court erred in finding that her physician's reports did not satisfy the requirements of section 2—622 of the Code. The defendants contend that the trial court correctly found that the physician's reports submitted by the plaintiff fail to comply with the statute because they are vague, conclusory, and fail to identify the particular conduct of each defendant which is alleged to have been a breach of the medical standard of care owed to the plaintiff.

■ Section 2—622 of the Code provides that the plaintiff's attorney or the plaintiff, if proceeding *pro se*, in any medical malpractice action must attach to her complaint both an affidavit certifying that she consulted with a qualified health care professional in whose opinion there is a reasonable and meritorious cause for the filing of

the action, and a copy of that health professional's written report setting forth the reasons for his determination. 735 ILCS 5/2—622(a)(1) (West 1994); *McCastle*, 121 Ill. 2d at 190. In the event that multiple defendants are named in a single medical malpractice action, the statute requires that a separate health professional's written report shall be filed as to each defendant. 735 ILCS 5/2—622(b) (West 1994). However, a single report may satisfy the requirements of section 2—622 of the Code if it is sufficiently broad to cover multiple defendants, adequately discusses the deficiencies in the medical care rendered by each, and contains reasons in support of the conclusion that a reasonable and meritorious cause exists for the filing of the action as against each of the defendants. *Comfort v. Wheaton Family Practice*, 229 Ill. App. 3d 828, 832, 594 N.E.2d 381 (1992); *Premo v. Falcone*, 197 Ill. App. 3d 625, 632, 554 N.E.2d 1071 (1990); *Hagood v. O'Conner*, 165 Ill. App. 3d 367, 373-74, 519 N.E.2d 66 (1988). Additionally, no report need be filed as to any defendant whose claimed liability is wholly vicarious. *Comfort*, 229 Ill. App. 3d at 833-34.

As stated earlier, the plaintiff's claims against North Suburban and Humana are premised solely upon the doctrine of *respondeat superior*. Consequently, no physician's report is required as to these defendants provided that the plaintiff has complied with section 2—622 in support of her claims against the physician-defendants alleged to have been their agents or employees. Therefore, the focus of our attention in this appeal is the adequacy of the plaintiff's section 2—622 reports as they relate to the individual physician-defendants.

■ The purpose of section 2—622 is to "reduce the number of frivolous suits that are filed and to eliminate such actions at an early stage." *DeLuna v. St. Elizabeth's Hospital*, 147 Ill. 2d 57, 65, 588 N.E.2d 1139 (1992). The statute was not intended to deprive plaintiffs with legitimate claims of their right to a trial on the merits by creating insurmountable pleading hurdles. See *Steinberg v. Dunseth*, 276 Ill. App. 3d 1038, 1042, 658 N.E.2d 1239 (1995); *Ebbing v. Prentice*, 225 Ill. App. 3d 598, 601, 587 N.E.2d 1115 (1992). The requirements of section 2—622 should be liberally construed so that controversies may be determined according to the substantive rights of the parties. While the affidavit and report requirements imposed on plaintiffs under section 2—622 of the Code do not rise to the level of substantive elements of a claim for medical malpractice, neither should they be viewed as empty formalism. See *Williams v. Medenica*, 275 Ill. App. 3d 269, 273, 655 N.E.2d 1002 (1995).

■ In this case, the plaintiff filed a total of four physician's reports in an effort to comply with section 2—622 of the Code. Three of the four reports state that the author: (1) is a physician and surgeon

licensed to practice medicine in all of its branches; (2) is knowledgeable in the relevant issues and has practiced within the past six years; and (3) reviewed "the records, facts and other relevant material" pertaining to this case. Consequently, there is no doubt that these reports taken collectively satisfy the health care professional's qualification requirements set out in section 2—622(a)(1). In each report, the author states that he determined that there is a reasonable and meritorious basis for a negligence action against each of the defendants. However, the plaintiff did not file separate reports as to each of the named physician-defendants. All four of the physician's reports name the physician-defendants, Palermo, Jeffrey Lindahl, Perez, and Jansyn, in an introductory sentence; however, other than Perez, none of these individuals is ever again mentioned by name in any of the reports. Because the last of these reports incorporated all of the physicians' opinions from the three previous reports, we have examined the reports collectively to determine if the plaintiff's health care professional sufficiently set forth his reasons for concluding that reasonable and meritorious cause exists for the filing of this action against each of the physician-defendants.

As stated earlier, a plaintiff's failure to comply with the requirements of section 2—622 is a ground for dismissal under section 2—619 of the Code. On appeal from a section 2—619 dismissal, we must accept all well-pled facts in the complaint as true and draw all reasonable inferences from those facts that are favorable to the plaintiff. *Holubek v. City of Chicago*, 146 Ill. App. 3d 815, 817, 497 N.E.2d 348 (1986). We believe that the same standard must be applied to the matters alleged in a reviewing health care professional's report, since section 2—622 requires the attachment of such a report to all medical malpractice complaints. However, since section 2—622 neither requires nor contemplates that a health care professional comment on legal principles (see *McAlister v. Schick*, 147 Ill. 2d 84, 97-98, 588 N.E.2d 1151 (1992)), we have ignored the legal theories and criticisms of Perez's pleadings contained in several of the reports filed in this case. Our recitation of the content of the reports filed by the plaintiff is limited to the factual basis for her health care professional's determination and his opinions as to appropriate medical standards of care.

The first report states that "[t]he defendants, and each of them, negligently cared for the plaintiff from September, 1992 through March, 1993." According to the author: the plaintiff "suffered from a viral pericarditis with pericardial effusion"; that "[t]his condition was missed by the defendants"; and that the plaintiff was "treated with antibiotics and later ineffective doses of steroids." The author concludes that "the foregoing is not the standard of care in the treat-

ment of viral conditions." The report goes on to state that the effusion was of such an extent that drainage was necessary and that the "delay in definitive care occasioned by the foregoing aggravated the pericardial pathology (increased thickening and scarring of the pericardium) as well as the plaintiff's clinical status."

The plaintiff's second or "superseding" report relates that the defendants cared for the plaintiff when she suffered from an upper respiratory infection associated with and followed by chest tenderness. This report fixes the period of care as September 1991, but the plaintiff suggests in her brief that the report should read September 1992. The report goes on to state that an upper respiratory infection associated with and followed by chest tenderness is very suggestive of pericarditis, but the diagnosis was not made, nor treatment initiated, for about a month thereafter. The author concludes that "[t]he foregoing was a deviation from the standard of care by all the defendant physicians who cared for the plaintiff." He also states that the unreasonable delay of one month in the diagnosis of the plaintiff's pericarditis and effusion aggravated the damage to the pericardium and prolonged the plaintiff's pain and suffering. As to the medication administered to the plaintiff, the report states that "aspirin was not used appropriately or a different anti-inflammatory medication was necessary, as the pericarditis never really resolved during this period of time," and "antibiotics are not indicated for viral infections."

The plaintiff's third physician's report incorporates the assertions contained in the two previous reports and supplies little by way of additional factual justification for the author's determination that a reasonable and meritorious cause exists for the filing of this action against Palermo, Lindahl, or Jansyn. This report does, however, contain additional criticisms of the treatment provided by Perez. The report states that "Dr. Perez did not use aspirin appropriately or allowed the plaintiff to continue to use it inappropriately," resulting in "a delay in proper treatment of pericarditis because we know that the use of aspirin did not resolve the pericarditis." The author then adds what is described as a "new deviation from the standard of care by Perez." According to the report, "Perez breached the standard of care when he told the plaintiff that aspirin would not adversely effect [sic] vaginal bleeding, i.e., that she could take aspirin in the presence of transvaginal hemorrhage." In this respect, the author articulates a very specific reason for concluding that Perez breached the standard of care. He states:

"Aspirin can and within a reasonable degree of medical certainty did, adversely effect [sic] plaintiff's bleeding by prolonging it. This is common medical knowledge and basic pharmacology. Arguably,

extra blood loss, as suffered by plaintiff, aggravates the resolution of pericarditis and, again, within a reasonable degree of medical certainty, did so in this case."

The plaintiff's fourth physician's report incorporates the previous reports and goes on to assert that the plaintiff suffered from pericarditis for which the "defendants prescribed aspirin." According to the author, the "[d]efendants breached the standard of care in that they failed to prescribe adequate doses of aspirin, failed to properly monitor Plaintiff's clinical status and failed to adjust Plaintiff's aspirin dosage." The report states that, although "[a]spirin is a proper drug for the treatment of pericarditis if used in a clinically monitored dose," the dosage used in this case "should have been titrated upward when it should have been clinically apparent that the dose being used at the time of treatment was not sufficient."

We have little difficulty in concluding that the plaintiff complied with the requirements of section 2—622 of the Code as to her claim against defendant Perez. The plaintiff's third physician's report, incorporated by reference into the fourth, is quite specific in its allegations against this defendant. In that report, the author concluded that Perez breached the standard of care when he advised the plaintiff that she could take aspirin in the presence of trans-vaginal bleeding. He states, within a reasonable degree of medical certainty, that the taking of aspirin by the plaintiff prolonged her bleeding and thereby aggravated the resolution of pericarditis. In short, the plaintiff's health care professional stated with specificity: (1) what it is that Perez did; (2) his reasons why that activity constituted a breach of the applicable standard of care; and (3) the adverse effects suffered by the plaintiff as a result of the breach. These statements, standing alone, are more than sufficient to satisfy the requirements of section 2—622 of the Code as to the plaintiff's claim against Perez.

We are not unmindful that, when read together, the third and fourth physician's reports filed in this case appear to be inconsistent. As stated, the third report criticizes Perez for telling the plaintiff that she could take aspirin, while the fourth report criticizes all of the physician-defendants for not giving her more aspirin. However, our function in this appeal is not to determine if the facts set forth in the reports are true or if the opinions expressed therein are medically sound. Those issues will be determined upon a trial of the cause (see *McAlister*, 147 Ill. 2d at 97) or on a motion for summary judgment (see *Austin View Civic Ass'n v. City of Palos Heights*, 85 Ill. App. 3d 89, 93, 405 N.E.2d 1256 (1980)). We address only the question of whether the reasons stated in the reports are sufficient to support the author's ultimate determination that a reasonable and meritorious

cause exists for the filing of this action against Perez. Having found that they are, we reverse the dismissal of the plaintiff's complaint against Perez. It also follows that the trial court's dismissal of this action against North Suburban and Humana must be reversed as well, since the plaintiff has alleged that Perez acted as their employee and agent.

The more difficult question is whether the plaintiff complied with the requirements of section 2—622 as to defendants Palermo, Lindahl, and Jansyn. When a single section 2—622 report is submitted in support of a medical negligence complaint against multiple physician-defendants, "[t]he report should discuss the involvement of each defendant in the treatment of the plaintiff." *Moss*, 180 Ill. App. 3d at 638; see also *Alford v. Phipps*, 169 Ill. App. 3d 845, 853-54, 523 N.E.2d 563 (1988). A report that is broad enough to cover the medical deficiencies in the treatment rendered by each defendant is sufficient to satisfy the statute. *Premo*, 197 Ill. App. 3d at 632. However, where confusion as to the involvement of each defendant might arise, separate physician's reports are required. *Peterson v. Hinsdale Hospital*, 233 Ill. App. 3d 327, 332, 599 N.E.2d 84 (1992).

Although the plaintiff's health care professional states that he reviewed her medical records, none of the physician's reports filed in this case discuss the specific involvement of Palermo, Lindahl, or Jansyn in the plaintiff's medical treatment, nor are we advised as to the medical specialty of any of these doctors. Unlike the report filed in *Brems v. Trinity Medical Center*, 295 Ill. App. 3d 358, 693 N.E.2d 494 (1998), the reports in this case do not contain separate paragraphs setting forth the specific reasons for the health care professional's conclusion that a reasonable and meritorious basis exists for the filing of this action against Palermo, Lindahl, or Jansyn. As noted earlier, the names of these physicians are never mentioned other than in an introductory sentence in each report. We have no idea which of the physician-defendants actually prescribed aspirin for the plaintiff, which of them were involved in treating her for pericarditis, or when each of them began treating the plaintiff. As they relate to Palermo, Lindahl, and Jansyn, the reports are nothing more than a collection of conclusory phrases unsupported by any facts (see *Peterson*, 233 Ill. App. 3d at 331-32), and amount to "little more than a generalized conclusion of medical malpractice" (*Moss*, 180 Ill. App. 3d at 638). Other than the specific criticism of Perez discussed earlier, the reports create confusion as to the involvement of the particular physician-defendants in the treatment of the plaintiff and are, therefore, insufficient to satisfy the requirements of section 2—622 of the Code. See *Premo*, 197 Ill. App. 3d at 631-33.

The plaintiff was granted leave to file three amended physician's reports in response to motions contending that she had failed to comply with the requirements of section 2—622 of the Code. The transcript of the proceedings held on August 15, 1996, reflects that the trial judge pointed out the very same deficiencies noted above when he struck the third physician's report filed by the plaintiff, yet he granted the plaintiff another opportunity to file an amended report. However, when that amended report was filed on December 4, 1996, it too suffered from the same deficiencies. Regarding plaintiff's claims against Palermo, Lindahl, and Jansyn, we agree with the trial court's conclusion that the plaintiff was granted ample opportunity to file a physician's report in compliance with section 2—622 of the Code and, therefore, we find no abuse of discretion in the dismissal of the plaintiff's claims against these defendants with prejudice.

When the plaintiff moved for reconsideration of the order of December 4, 1996, she also requested, in the alternative, that she be allowed to file an amended physician's report authored by a new health care professional. That motion was filed on December 30, 1996. Yet, when the motion came before the court for hearing on July 2, 1997, the plaintiff did not tender any proposed amended report or inform the court what such an amended report would contain if she were granted leave to file one. At the time that the trial court ruled on the plaintiff's motion for reconsideration, six months had elapsed since the filing of the motion and this action had been pending for over two years. Under these circumstances, we find no abuse of discretion in the trial court's denial of the plaintiff's request to file an amended physician's report.

For the reasons stated, we: (1) affirm the trial court's dismissal of the plaintiff's action against Palermo, Lindahl, and Jansyn; (2) reverse the dismissal of Perez, North Suburban, and Humana; and (3) remand this cause to the circuit court for further proceedings.

Affirmed in part and reversed in part; cause remanded.

THEIS and HOURIHANE, JJ., concur.