737 N.E.2d 1115 (2000)
316 Ill. App.3d 861
250 Ill.Dec. 138
Jason M. GULLEY, Plaintiff-Appellant,
v.
Yigal NOY, M.D., and Emergency Medical Care Incorporated, a Foreign Corporation, Defendants-Appellees.
No. 4-00-0515.
Appellate Court of Illinois, Fourth District.
October 19, 2000.
*1116 Donald E. Brilley (argued), of Brilley Law Office, Decatur, for appellant.
Robert C. Seibel (argued) and Nancy D. Koors, both of Seibel & Eckenrode, P.C., St. Louis, Missouri, for appellees.
Justice STEIGMANN delivered the opinion of the court:
In July 1997, plaintiff, Jason M. Gulley, filed a medical malpractice lawsuit against defendants, Yigal Noy, M.D. and Noy's employer, Emergency Medical Care Incorporated (EMCI). In March 2000, defendants filed a motion to dismiss Gulley's complaint, alleging that Gulley failed to file a health professional's report with his complaint in accordance with section 2-622 of the Code of Civil Procedure (Code) (735 ILCS 5/2-622 (West 1998)). In May 2000, the trial court granted defendants' motion and dismissed Gulley's complaint with prejudice.
Gulley appeals, arguing that (1) defendants forfeited their right to a dismissal under section 2-622 of the Code by failing to object to Gulley's noncompliance in a timely manner; and (2) the trial court abused its discretion by dismissing his complaint with prejudice. Because we agree with Gulley's first argument, we reverse and remand.

*1117 I. BACKGROUND
In July 1995, Gulley was treated in the emergency room of St. Mary's Hospital in Decatur. EMCI had a contract with St. Mary's Hospital to staff the emergency room with physicians. Noy worked for EMCI in St. Mary's Hospital emergency room and provided medical care to Gulley.
In July 1997, Gulley filed this lawsuit, alleging that defendants were negligent in providing him medical care at St. Mary's Hospital emergency room in July 1995. Gulley's attorney attached an affidavit to the complaint, pursuant to section 2-622(a)(2) of the Code, averring that he was unable to obtain a health professional's report as required by section 2-622(a)(1) of the Code, before the applicable statute of limitations would expire. (Pursuant to section 2-622(a)(2) of the Code, upon the filing of such an affidavit, the deadline for filing a health professional's report is extended 90 days, and a defendant is not required to file an answer to the complaint until 30 days after being served with the health professional's report. 735 ILCS 2-622(a)(2) (West 1998).)
Gulley still had not filed a health professional's report in September 1997, when defendants filed an answer to his complaint. At that time, defendants also served Gulley with a discovery request for production of documents and a set of interrogatories.
In January 1998, Noy moved for a 90-day stay of proceedings because Noy's malpractice insurance company had been placed under an order of rehabilitation and consequently could no longer provide Noy with an attorney. In February 1998, the trial court denied Noy's motion.
In January 2000, Gulley complied with defendants' discovery requests.
In March 2000, defendants filed a motion to dismiss Gulley's complaint for failure to file a health professional's report in accordance with section 2-622(a)(1) of the Code (735 ILCS 5/2-622(a)(1) (West 1998)). At an April 2000 hearing, the trial court heard arguments on defendants' motion, and in May 2000, the court dismissed Gulley's complaint with prejudice. This appeal followed.

II. ANALYSIS

A. Section 2-622 of the Code
Section 2-622 of the Code provides that in any medical malpractice action, the plaintiff's attorney must attach to the complaint an affidavit stating that he has consulted with a health professional in whose opinion there is a "reasonable and meritorious cause" for the filing of the action. Attached to the affidavit, the plaintiff must file a written report prepared by that health professional indicating the basis for his determination. 735 ILCS 2-622(a)(1) (West 1998). Section 2-622(a)(2) of the Code allows for a 90-day extension of time for the filing of the affidavit and report if the statute of limitations is near expiration. 735 ILCS 5/2-622(a)(2) (West 1998). In addition, section 2-622(g) of the Code provides that "failure to file a certificate required by this [s]ection shall be grounds for dismissal under [s]ection 2-619 [of the Code (735 ILCS 5/2-619 (West 1998))]." 735 ILCS 5/2-622(g) (West 1998).
Section 2-622 of the Code is designed to (1) reduce the number of frivolous medical malpractice lawsuits, and (2) eliminate such actions at an early stage, before litigation expenses mount. DeLuna v. St. Elizabeth's Hospital, 147 Ill.2d 57, 65, 167 Ill.Dec. 1009, 588 N.E.2d 1139, 1142 (1992). In McCastle v. Mitchell B. Sheinkop, M.D., Ltd., 121 Ill.2d 188, 193, 117 Ill.Dec. 132, 520 N.E.2d 293, 296 (1987), the supreme court described section 2-622 of the Code as a "pleading requirement," not a "substantive defense" that would forever bar a plaintiff's complaint after an initial failure to comply with that section. In Mueller v. North Suburban Clinic, Ltd., 299 Ill.App.3d 568, 573, 233 Ill.Dec. 603, 701 N.E.2d 246, 250 (1998), the court described the nature of section 2-622 requirements as follows:

*1118 "[Section 2-622 of the Code] was not intended to deprive plaintiffs with legitimate claims of their right to a trial on the merits by creating insurmountable pleading hurdles. See Steinberg v. Dunseth, 276 Ill.App.3d 1038, 1042, 213 Ill.Dec. 218, 658 N.E.2d 1239[, 1244] (1995); Ebbing v. Prentice, 225 Ill. App.3d 598, 601, 167 Ill.Dec. 500, 587 N.E.2d 1115[, 1117] (1992). The requirements of section 2-622 should be liberally construed so that controversies may be determined according to the substantive rights of the parties. While the affidavit and report requirements imposed on plaintiffs under section 2-622 of the Code do not rise to the level of substantive elements of a claim for medical malpractice, neither should they be viewed as empty formalism."
Ordinarily a section 2-619 motion to dismiss is reviewed de novo. Hapag-Lloyd (America), Inc. v. Home Insurance Co., 312 Ill.App.3d 1087, 1090, 246 Ill.Dec. 36, 729 N.E.2d 36, 39 (2000). In McCastle, however, the court held that whether to dismiss a complaint pursuant to section 2-622 of the Code with or without prejudice is a matter for the trial court's discretion. McCastle, 121 Ill.2d at 194, 117 Ill.Dec. 132, 520 N.E.2d at 296. Likewise, whether to grant parties leave to amend their pleadings is also a discretionary call on the part of the trial court. Savage v. Mui Pho, 312 Ill.App.3d 553, 556, 245 Ill.Dec. 318, 727 N.E.2d 1052, 1055 (2000). In Premo v. Falcone, 197 Ill.App.3d 625, 630, 144 Ill.Dec. 32, 554 N.E.2d 1071, 1075-76 (1990), this court held that a trial court could consider whether a plaintiff could show "good cause" for a late filing of documents pursuant to section 2-622 of the Code. In Ingold v. Irwin, 302 Ill.App.3d 378, 384, 235 Ill.Dec. 522, 705 N.E.2d 135, 139 (1998), this court explained that we will consider whether the trial court took the particular facts and unique circumstances of the case into consideration before determining that a complaint should be dismissed with or without prejudice for failure to meet the requirements of section 2-622 of the Code. Therefore, in light of the discretion that trial courts employ under 2-622 of the Code, we will apply an abuse of discretion standard of review here.

B. Forfeiture
Gulley argues that defendants have forfeited their right to dismissal under section 2-622 of the Code by waiting over 2 1/2 years to raise the issue. We agree.
Whether a defendant's right to dismissal under section 2-622 of the Code can be forfeited is a question of first impression. To support his argument that forfeiture can apply, Gulley first emphasizes that section 2-622's purpose is to eliminate frivolous lawsuits at the pleadings stage. While none of the many decisions applying section 2-622 of the Code have addressed forfeitability, in other legal contexts courts have held that forfeiture of a legal right arises when conduct of the person against whom forfeiture is asserted is inconsistent with an intent to enforce that right. See, e.g., Wells v. Minor, 219 Ill.App.3d 32, 45, 161 Ill.Dec. 691, 578 N.E.2d 1337, 1346 (1991) (one party to a contract may not lull another into a false assurance that strict compliance with a contract duty will not be required and then sue for noncompliance); Chimerofsky v. School District No. 63, 121 Ill.App.2d 371, 374, 257 N.E.2d 480, 482-83 (1970) (in this personal injury case, the court stated the general rule that "objections to a pleading may be waived by failure to urge the objection at the proper time and in the proper manner or by any act which, in legal contemplation, implies an intention to overlook it").
Gulley also cites a line of cases in which defendants have sought dismissal by attacking the plaintiff's pleadings after filing an answer. In sum, those cases hold as follows:
"Generally, where a complaint substantially[,] although imperfectly[,] alleges a cause of action, the defendant waives any defect by answering it without objection. *1119 [Citations.] The only exception to this rule is where the complaint wholly fails to state a cause of action." Burks Drywall, Inc. v. Washington Bank & Trust Co., 110 Ill.App.3d 569, 572, 66 Ill.Dec. 222, 442 N.E.2d 648, 651 (1982).
Accord Pieszchalski v. Oslager, 128 Ill. App.3d 437, 444, 83 Ill.Dec. 663, 470 N.E.2d 1083, 1088 (1984). This general rule is especially applicable when the defect in the pleadings can be remedied by amendment. Meadows v. State Farm Mutual Automobile Insurance Co., 237 Ill. App.3d 240, 253, 177 Ill.Dec. 940, 603 N.E.2d 1314, 1322 (1992).
Thus, Gulley concludes that since the Supreme Court of Illinois has established that section 2-622 requirements are pleading requirements, we should apply the rule of law set forth in these pleadings cases to the present case.
Defendants counter that because section 2-622(g) of the Code provides that dismissal for noncompliance shall be pursuant to section 2-619 of the Code, Gulley's cases all of which rest on common-law principles rather than statutory mandatesare inapposite. Defendants cite Thompson v. Heydemann, 231 Ill.App.3d 578, 581, 173 Ill. Dec. 40, 596 N.E.2d 664, 667 (1992), in which the defendant filed a motion to dismiss pursuant to section 2-622 of the Code three months after filing an answer to the complaint. There, the court held that filing an answer does not preclude the subsequent filing of a section 2-619 motion to dismiss unless there is a showing that the plaintiff would be unfairly prejudiced by the untimely filing. See also Worner Agency, Inc. v. Doyle, 121 Ill.App.3d 219, 223, 76 Ill.Dec. 718, 459 N.E.2d 633, 636 (1984); Outlaw v. O'Leary, 161 Ill.App.3d 218, 220, 112 Ill.Dec. 742, 514 N.E.2d 208, 210 (1987).
While the two lines of cases cited by the parties appear to be in direct conflict, section 2-622 and section 2-619 actually share a common purpose and our holding herethat a motion to dismiss under section 2-622 can be forfeited if not timely filedfurthers that purpose. Both sections are designed to streamline litigation at the earliest possible point in proceedingsthat is, during the pleadings phase. We recognize that in some cases the "pleadings phase" is drawn out and a section 2-619 motion to dismiss will be proper even though filed sometime after the lawsuit commenced. Nevertheless, a motion to dismiss pursuant to section 2-619 or 2-622 of the Code is in tended to be heard and decided before the expense and inconvenience of litigation has been borne by either party or the trial court. Although the trial court may entertain a section 2-619 motion to dismiss that is filed outside the pleadings phase, whether to do so is left to the court's discretion. See In re Custody of McCarthy, 157 Ill.App.3d 377, 380-81, 109 Ill.Dec. 687, 510 N.E.2d 555, 557 (1987).
In this case, prior to filing their motion to dismiss, defendants filed an answer, initiated discovery, and filed a motion for a stay of proceedings. By their affirmative acts, which manifested an intent to move the case forward, and their omission their failure to raise their section 2-622 objection for over 2 1/2 yearsdefendants manifested an intention to overlook Gulley's failure to file the health professional's report. We therefore conclude that because defendants forfeited their right to seek dismissal under section 2-622 of the Code, the trial court abused its discretion by dismissing Gulley's complaint. (As an aside, we note that, as a matter of procedure, defendants should have moved for leave to withdraw their answer before filing their section 2-619 motion to dismiss.)
We do not agree with Gulley, however, that by merely answering his complaint defendants forfeited their right to subsequently move for dismissal pursuant to section 2-622 of the Code. We need not say, definitively, at what point a defendant has forfeited the right to a dismissal under section 2-622 of the Code. On this record, *1120 however, wherever that point may be, we are satisfied it has been reached.
Granting a motion to dismiss under the facts of this case does nothing to further the goals of section 2-622. Rather, doing so might encourage defendants to sit on their right to seek a dismissal, an outcome precisely opposite to that intended by sections 2-622 and 2-619 of the Code.
We also agree with the Fifth District Appellate Court that it would be a complete waste of judicial manpower and court resources to permit defendants to sit by and acquiesce in a plaintiff's prosecution of his claim, with the attendant expenditure of time and money, and then allow them to later attack pleadings that they contend should be dismissed, even though the ground for dismissal was present all along. See Pieszchalski, 128 Ill.App.3d at 444, 83 Ill.Dec. 663, 470 N.E.2d at 1088.
Finally, concluding that a statutorily mandated pleading requirement can be forfeited is not unprecedented. In In re Custody of Sexton, 84 Ill.2d 312, 49 Ill.Dec. 709, 418 N.E.2d 729 (1981), the supreme court considered whether the affidavit requirement of section 610(a) of the Illinois Marriage and Dissolution of Marriage Act (Ill.Rev.Stat.1977, ch. 40, par. 610(a) (now 750 ILCS 5/610(a) (West 1998))) was jurisdictional. (That section requires the filing of certain affidavits along with any motion to modify custody that is filed within two years of a custody judgment.) The court concluded that even though the affidavit requirement of section 610(a) was mandatory, the defendants forfeited the requirement by failing to raise a timely objection to the plaintiff's failure to produce the affidavits. Sexton, 84 Ill.2d at 321-22, 49 Ill.Dec. 709, 418 N.E.2d at 733-34; see also Aufox v. Board of Education of Township High School District No. 113, 225 Ill.App.3d 444, 449, 167 Ill.Dec. 675, 588 N.E.2d 316, 320 (1992) (by their conduct, individuals may forfeit their statutory rights); In re Marriage of Fields, 288 Ill.App.3d 1053, 1059-61, 224 Ill.Dec. 184, 681 N.E.2d 166, 171-72 (1997) (discussion and cases cited therein).

III. CONCLUSION
For the reasons stated, we reverse the trial court's judgment and remand for further proceedings.
Reversed and remanded.
McCULLOUGH and MYERSCOUGH, JJ., concur.