**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2024 IL App (3d) 240069-U

Order filed September 30, 2024

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2024

| | | |
|---|---|---|
| EJ CONSTRUCTION 1 CORP., | ) | Appeal from the Circuit Court |
| | ) | of the 21st Judicial Circuit, |
| Plaintiff-Appellant, | ) | Kankakee County, Illinois, |
| | ) | |
| v. | ) | Appeal No. 3-24-0069 |
| | ) | Circuit No. 23-CH-0012 |
| | ) | |
| WILLIAM PELLEGRINO, | ) | Honorable |
| | ) | Lindsay Parkhurst, |
| Defendant-Appellee. | ) | Judge, Presiding |

_____

JUSTICE DAVENPORT delivered the judgment of the court.
Justice Holdridge concurred in the judgment.
Justice Peterson specially concurred.

_____

**ORDER**

¶ 1      *Held*: (1) Failure to withdraw answer is fatal to subsequently filed motion to dismiss arguing that complaint lacks essential allegations. (2) Article 2 of the Uniform Commercial Code generally applies to all transactions in goods, irrespective of the parties' merchant or nonmerchant status. Reversed and remanded.

¶ 2      Plaintiff, EJ Construction 1 Corp., filed suit under the Uniform Commercial Code (UCC) (810 ILCS 5/2-608, 2-711(1) (West 2022)), seeking to revoke its acceptance of a vehicle and thereby cancel a sale contract. Defendant, William Pellegrino, filed an answer denying any role in

the transaction. He later moved to dismiss (735 ILCS 2-619.1 (West 2022)), arguing (1) plaintiff could not invoke the UCC because defendant was not a merchant and (2) the complaint was legally insufficient because plaintiff failed to adequately plead the elements of the statutory cause of action. The circuit court granted the motion to dismiss. It held plaintiff could not invoke the UCC because neither party to the contract was a merchant.

¶ 3        Plaintiff appeals, and we reverse.

¶ 4                                    I. BACKGROUND

¶ 5        This case involves the private sale of a vehicle with misrepresented mileage. Plaintiff filed a verified complaint, alleging that on November 27, 2022, defendant sold plaintiff a used cargo van for $14,000, falsely representing the van's mileage as 103,538 miles when it had "almost a half a million miles more."

¶ 6        Plaintiff attached to the complaint an "Odometer Disclosure Statement for Title Transfers" (odometer statement) in which defendant purportedly certified the van's current odometer reading as 103,538 miles. The odometer statement identified defendant as the seller and plaintiff as the buyer of a 2014 Chevrolet Express G2500. The odometer statement's seller portion was signed "William J. Pellegrino" and dated November 27, 2022. To establish the van's actual mileage, plaintiff attached a CARFAX vehicle history report which listed the odometer reading at each service date. According to the report, the van's odometer reading steadily increased until it reached 633,752 miles on July 6, 2022.[1]

¶ 7        The complaint's sole count asserted a claim under article 2 of the UCC, as adopted in Illinois (810 ILCS 5/2-101 *et seq.* (West 2022)). The complaint requested, primarily, the van's

<hr />

[1]The subsequent CARFAX service entry, dated July 30, 2022, reflects an odometer reading that appears to be missing a digit: 63,387 miles. The entry cautions, however, that there was a mileage inconsistency based on the vehicle's mileage history.

purchase price and an order confirming plaintiff's "justified revocation of acceptance [of the van] and cancellation of contract under Sections 2-608 and 2-711(1) of the [UCC]." *Id.* §§ 2-608, 2-711(1).

¶ 8 On June 9, 2023, defendant filed a verified answer, in which he denied selling the van to plaintiff and denied having any contact with plaintiff or its agents before December 1, 2022. According to defendant, he listed the van for sale on Facebook Marketplace and later sold the van, on November 21, 2022, to an individual named Orlando Flores for $5500. Defendant denied knowing what transpired after the November 21 transaction and denied ever misrepresenting the van's mileage, which he averred was 650,111 on November 21. Defendant conceded, however, that plaintiff may be entitled to revoke its acceptance "with the appropriate seller." Attached to the answer was (1) a printout of the Facebook Marketplace listing, (2) a printout of defendant's correspondence with Flores leading up to the November 21 purchase, (3) a handwritten sales receipt dated November 21, 2022, and (4) a printout of the correspondence from plaintiff's agent on December 1 and 3, 2022. According to the Facebook Marketplace listing, the van had been driven 650,111 miles.

¶ 9 On June 14, 2023, plaintiff moved for a summary determination that defendant was the seller in the November 27 transaction. Plaintiff attached the van's title records and argued defendant's name and signature identified defendant as the seller in the November 27 transaction. Defendant moved to deny or strike plaintiff's motion. (The court did not rule on this motion.)

¶ 10 On August 1, 2023, defendant moved to dismiss the complaint under section 2-619.1 of the Code of Civil Procedure (Code) (735 ILCS 5/2-619.1 (West 2022)). He argued (1) the UCC does not apply to a private sale between nonmerchants (*id.* § 2-619(a)(9)), (2) defendant does not have the legal capacity to be sued under the UCC because he is not a merchant ((*id.* § 2-619(a)(2)),

3

and (3) the complaint was legally insufficient (*id.* § 2-615(a)). Defendant attached an affidavit in which he averred the following. He had been an over-the-road driver for 23 years. He never worked for an automobile dealership and was not someone who regularly sold automobiles. He never entered a business transaction with plaintiff. He sold the van on November 21, 2022, to a person who identified himself as Orlando Flores. He advertised the van as having 650,111 miles. He did not sign an odometer statement and did not ask Flores to sign the title in his presence but simply handed Flores the title after signing it and marking the box indicating the van's stated mileage was "in excess of its mechanical limits." Defendant incorporated these averments as "facts *** common to all motions" in his section 2-619.1 motion to dismiss.

¶ 11    The circuit court granted the motion to dismiss under section 2-619. It ruled the UCC did not apply to the van's sale because neither party was a merchant. The court explained, "Article Two of the UCC does not apply to a contract unless, (1), there is a contract for the sale of purchase of goods over $500 and, (2), at least one party to the contract is a merchant." The court dismissed the complaint's only count with prejudice and granted plaintiff leave to assert any non-UCC claims applicable to the November 27 transaction.

¶ 12    Opting to stand on its complaint, plaintiff moved for the entry of a final order. The court denied plaintiff's motion, explaining it did not want to preclude plaintiff from filing alternative claims during the limitations period. The court found, however, that there was no just reason to delay enforcement or appeal of the complaint's dismissal (Ill. S. Ct. R. 304(a) (eff. Mar. 8, 2016)).

¶ 13    This appeal followed.

¶ 14                                    II. ANALYSIS

¶ 15    Plaintiff appeals the grant of defendant's combined motion to dismiss. Section 2-619.1 permits combining, though not commingling, motions under sections 2-615, 2-619, and 2-1005 of

4

the Code. 735 ILCS 5/2-619.1 (West 2022). A section 2-619 motion to dismiss asserts certain defects or defenses, whether on the face of the complaint or supported by affidavit, that defeat the plaintiff's claim. 735 ILCS 5/2-619(a) (West 2022). A section 2-615 motion to dismiss attacks only the complaint's sufficiency. *Id.* § 2-615(a); *Illinois Graphics Co. v. Nickum*, 159 Ill. 2d 469, 484 (1994). Under both sections, the defendant admits—for purposes of the motion—the complaint's well-pleaded allegations. *Kopchar v. City of Chicago*, 395 Ill. App. 3d 762, 772 (2009).

¶ 16 The circuit court dismissed the complaint under section 2-619, holding article 2 of the UCC does not apply to transactions between nonmerchants. The court did not address defendant's section 2-615 argument. For the reasons that follow, we strike the section 2-615 argument and reverse the complaint's dismissal under section 2-619.

¶ 17 Defendant initially filed a verified answer denying the complaint's core allegations and thereafter filed a section 2-619.1 motion to dismiss, attacking both the viability of the UCC claim (735 ILCS 5/2-619(a) (West 2022)) and the sufficiency of the complaint's factual allegations (*id.* § 2-615(a)). Significantly, defendant did not seek leave to withdraw his answer before moving to dismiss the complaint. What is more, defendant's motion to dismiss incorporated his affidavit, which was replete with averments challenging the complaint's allegations.

¶ 18 A motion to dismiss is not the vehicle to challenge a complaint's factual allegations. *Reynolds v. Jimmy John's Enterprises, LLC*, 2013 IL App (4th) 120139, ¶ 51. Neither section 2-615 nor section 2-619 of the Code authorizes a defendant to file a "not true" motion—that is, one which asserts the plaintiff's core allegations are not true. *Id.* ¶¶ 52, 53; see *Howle v. Aqua Illinois, Inc.*, 2012 IL App (4th) 120207, ¶ 36 (a " 'not true' " pleading "is essentially an answer denying an allegation set forth in the complaint."). It follows, then, that a combined motion to dismiss may

5

not include "evidentiary material going to the truth of the allegations contained in the complaint." *Green v. Trinity International University*, 344 Ill. App. 3d 1079, 1086 (2003). Here, the motion to dismiss admitted the complaint's well-pleaded allegations but presented a conflicting narrative by sworn affidavit. Despite this contradiction, the circuit court considered defendant's motion.

¶ 19        We do not condone the court's acquiescence to improper motion practice. However, we recognize the court may overlook certain deficiencies so long as the nonmovant suffers no prejudice. See, *e.g.*, *Nickum*, 159 Ill. 2d at 484 (hybrid motion practice is not always fatal, but reversal is required if nonmovant suffers prejudice). Defendant's affidavit, aside from classifying defendant as a nonmerchant under the UCC, did not inform his section 2-619 arguments. In fact, defendant's section 2-619 claim did not rely at all on his refutation of plaintiff's affirmative allegations; rather, it raised a question of law that could be answered without questioning plaintiff's allegations. In other words, defendant's section 2-619 claim did not constitute an impermissible "not true" motion, and plaintiff was not prejudiced.

¶ 20        Further, defendant's failure to seek leave to withdraw his answer, though improper, does not require reversal. Illinois courts have held that a preexisting, unwithdrawn answer does not preclude a subsequently filed section 2-619 motion, even if procedurally improper. *Clemons v. Nissan North America, Inc.*, 2013 IL App (4th) 120943, ¶ 33 (citing *Gulley v. Noy,* 316 Ill. App. 3d 861, 866 (2000); *Thompson v. Heydemann,* 231 Ill. App. 3d 578, 581 (1992)). Thus, although defendant should have moved to withdraw his answer before presenting his section 2-619 argument, the court was within its discretion to consider that argument.

¶ 21        The same cannot be said about defendant's section 2-615 argument. In the final portion of his combined motion, defendant argued the complaint was legally insufficient for failing to include necessary allegations. Unlike defendant's section 2-619 argument, which goes to the viability of

plaintiff's claim, his section 2-615 argument targets the sufficiency of the allegations and not the claim itself. Accordingly, a different treatment is warranted.

¶ 22    Our supreme court has distinguished between claims that a complaint fails to state a recognized cause of action and claims that a complaint's allegations are incomplete or otherwise insufficient. *Adcock v. Brakegate, Ltd.*, 164 Ill. 2d 54, 61-62 (1994). While a defendant may at any time raise a claim that a complaint fails to state a recognized cause of action, a defendant may not at any time raise a claim that a complaint *incompletely* states a recognized cause of action. *Id.* This is particularly true when the pleading deficiency can be rectified by amendment. *Gulley*, 316 Ill. App. 3d at 865. In the section 2-615 portion of his combined motion, defendant argued the complaint lacked key factual allegations. This argument does not challenge the statutory basis of plaintiff's claim; it merely argues the claim was deficiently pleaded. Such an argument is susceptible to waiver. See *Adcock*, 164 Ill. 2d 54 at 61-62.

¶ 23    Defendant's filing of an answer operates as a waiver of his right to challenge the complaint for lacking essential allegations. The answer all but concedes the complaint's legal sufficiency, declaring plaintiff "may be entitled to revoke [its] acceptance of the van with the appropriate seller." Moreover, by engaging with the complaint's factual allegations, the answer implicitly concedes the allegations' sufficiency for litigation. In short, defendant's answer is fundamentally at odds with his section 2-615 argument. By failing to withdraw his answer, defendant waived his right to attack the sufficiency of the complaint's allegations.

¶ 24    We are now left with the section 2-619 basis for the complaint's dismissal. At issue is whether article 2 of the UCC applies to transactions in which neither party is a merchant.[2] This

_____

[2]See 810 ILCS 5/2-104(1) (defining "merchant" as "a person who deals in goods of the kind or otherwise by his occupation holds himself out as having knowledge or skill peculiar to the practices or

7

question is simply answered by reference to article 2's "scope provision" (810 ILCS 5/2-102 (West 2022)). "The best indicator of legislative intent is the language of the statute, given its plain and ordinary meaning." *Andrews v. Metropolitan Water Reclamation District of Greater Chicago*, 2019 IL 124283, ¶ 24. The scope provision states that article 2 "applies to transactions in goods." 810 ILCS 5/2-102 (West 2022). The private sale of an automobile is clearly a "transaction in goods." A sale is a "transaction," and an automobile is a "good," defined as "all things *** which are movable at the time of identification to the contract for sale." *Id.* § 2-105(1). Nowhere does the scope provision restrict the article's applicability to transactions involving a merchant, and it is not our place to introduce such limitations. *Andrews*, 2019 IL 124283, ¶ 24 (the court may not read into a statute limitations that conflict with clear legislative intent). Thus, we decline to read into the scope provision language limiting article 2's applicability to transactions involving merchants.

¶ 25        Admittedly, many "transactions in goods" involve at least one merchant. As such, article 2 contains rules and standards specific to transactions in which one or both parties are merchants. See, *e.g.*, 810 ILCS 5/2-205 (West 2022) (a merchant's signed, written offer may be enforceable absent consideration); *id.* § 2-207 (in a transaction between merchants, additional terms in the offeree's acceptance may become part of the contract); *id.* § 2-314 (implied warranty of merchantability attaches when the seller is a merchant). Even so, article 2 extends to all transactions in goods, regardless of the parties' merchant or nonmerchant status. The vast majority of article 2 sections, in fact, do not mention merchants at all, referring generally to "buyers" and "sellers." See *id.* §§ 2-103(1)(a), (d) (West 2022) (defining "buyer" as "a *person* who buys or contracts to buy goods" and "seller" as "a *person* who sells or contracts to sell goods" (Emphases

goods involved in the transaction or to whom such knowledge or skill may be attributed by his employment of an agent or broker or other intermediary who by his occupation holds himself out as having such knowledge or skill.").

8

added.)). The circuit court's conclusion that article 2 applies only to transactions involving at least one merchant is unfounded.[3]

¶ 26    Finally, to preclude an article 2 cause of action, defendant must show that the specific sections invoked by plaintiff do not apply to the underlying car sale. Defendant has not done so. Here, plaintiff seeks relief under sections 608 and 711(1). *Id.* §§ 2-608, 2-711(1). Section 608 addresses the circumstances under which a "buyer may revoke acceptance of a *** commercial unit" based on non-conformity. *Id.* § 2-608. Meanwhile, section 711(1) sets forth a buyer's remedies when the "buyer rightfully rejects or justifiably revokes acceptance." *Id.* § 2-711(1). Neither section limits its applicability to transactions in which one party to the contract is a merchant. In fact, the term "merchant" is nowhere to be found in either section. Thus, *any* buyer may invoke sections 2-608 and 2-711(1) against *any* seller, irrespective of either party's merchant status. The circuit court erred in granting defendant's motion to dismiss.

¶ 27    For the foregoing reasons, we reverse the circuit court's dismissal and hold that defendant's unwithdrawn answer precludes his section 2-615 argument. We recognize the latter issue was not raised in the circuit court or on appeal. See *In re Amanda H.*, 2017 IL App (3d) 150164, ¶ 33 (a party forfeits its objection to alleged procedural defects by failing to raise the objection in the circuit court). We further recognize the circuit court did not rule on the section 2-615 portion of the combined motion. However, judicial economy is not served by reviewing a combined motion piecemeal. This is particularly true when the section 2-615 portion's procedural impropriety is

---

[3]We are perplexed by the circuit court's pronouncement that article 2 does not apply "unless there is a contract for the sale of purchase of goods over $500 and[ ] (2)[ ] at least one party to the contract is a merchant." This statement appears to stem from article 2's statute-of-frauds rule that a contract for the sale of goods over $500 is enforceable only if evidenced by a signed writing, with a few exceptions, including when a merchant transmits a written confirmation of a contract to another merchant within a reasonable time. 810 ILCS 5/2-201(1), (2) (West 2022). We need not consider this issue, however, as defendant has not asserted a statute-of-frauds defense. See *Whildin v. Kovacs*, 93 Ill. App. 3d 582, 584 (1981) ("The Statute of Frauds is an affirmative defense that can be either pleaded or waived by a party to the contract.").

egregious, readily apparent, and would otherwise persist on remand. Accordingly, we strike defendant's section 2-615 argument under Illinois Supreme Court Rule 366(a)(5) (eff. Feb. 1, 1994) and reinstate the complaint.

¶ 28                                                    III. CONCLUSION

¶ 29       The judgment of the circuit court of Kankakee County is reversed and remanded for further proceedings.

¶ 30       Reversed and remanded.

¶ 31       JUSTICE PETERSON, specially concurring:

¶ 32       I concur in the result and the majority's analysis regarding the UCC's applicability to non-merchants and the propriety of the trial court's ruling on defendant's section 2-619 motion to dismiss. However, I do not join in the majority's analysis regarding defendant's section 2-615 motion to dismiss, as the section 2-615 motion was not ruled upon in the trial court and was not raised or briefed in this appeal.[4]

---

[4]Although the trial court did not do so in this case, it has generally been observed that the trial court should rule upon a section 2-615 motion to dismiss before it rules upon a section 2-619 motion. See, *e.g.*, 3 Richard A. Michael, Illinois Practice, Civil Procedure Before Trial § 27:1 (2d ed. 2011).