DEERE & COMPANY, Plaintiff-Appellant, *v.* MORGAN M. FINLEY, Clerk of the Circuit Court of Cook County, Defendant-Appellee.—(INTERNATIONAL HARVESTER COMPANY *et al.*, Intervenors-Defendants-Appellees.)

First District (3rd Division)    No. 79-1638

Opinion filed December 30, 1981.

John J. Coffey, of Rothschild, Barry & Myers, of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago (Paul P. Biebel, Jr., and Susan Condon, Assistant State's Attorneys, of counsel), for appellee Morgan M. Finley.

Howard W. Clement and William A. Webb, both of Hume, Clement, Brinks, William & Olds, Ltd., of Chicago, for appellee International Harvester Company.

Phillip H. Mayer and Raymond I. Suekoff, both of Chicago (Leydig, Voit, Osann, Mayer & Holt, Ltd., and Suekoff & Silverman, of counsel), for appellee Sperry Rand Corporation.

PRESIDING JUSTICE RIZZI delivered the opinion of the court:

This is an action seeking a writ of *mandamus* from the circuit court to compel Morgan M. Finley, clerk of the circuit court of Cook County, to allow plaintiff, Deere & Company, to inspect and copy the contents of the court file in a previously dismissed suit between International Harvester Company and Sperry Rand Corporation, both intervenors in this action. The trial court dismissed the mandamus action for the reason that the file in the previous case was impounded. We reverse and remand with directions.

In 1973, International Harvester brought an action (73 L 5670) against Sperry Rand. According to International Harvester and Sperry Rand, some of the documents filed in that case involved trade secrets. Subsequently, three circuit court judges entered protective orders requiring the confidentiality of certain materials to be maintained. The case was eventually settled, and it was dismissed on January 22, 1975.

On November 15, 1978, plaintiff, a competitor of International Harvester and Sperry Rand, brought this suit to compel the clerk of the circuit court to produce the file in 73 L 5670. According to the complaint, the clerk refused to permit inspection of the file because the file had been impounded. International Harvester and Sperry Rand subsequently intervened in the suit.

On March 7, 1979, the trial court dismissed the action *sua sponte*. Plaintiff filed a motion to reconsider the dismissal. The court continued the hearing on the motion for reconsideration and ordered the clerk to deliver the file for an in camera inspection. After the court conducted an in camera inspection in the presence of counsel for International Harvester and Sperry Rand, it denied plaintiff's motion to reconsider. The court stated that it was acting on the basis of the orders that had been entered by three circuit court judges and that it was of the opinion that the orders were broad enough to require the court to keep the entire file impounded.

Plaintiff argues that court files are public files generally open to inspection, and therefore, it has a right to inspect the file in 73 L 5670. Plaintiff contends that section 16 of "An Act to revise the law in relation to clerks of courts" (Ill. Rev. Stat. 1977, ch. 25, par. 16) establishes unrestricted public access to court files. The statute provides:

> "All records, dockets and books required by law to be kept by such clerks shall be deemed public records, and shall at all times be open to inspection without fee or reward. And all persons shall

have free access for inspection and examination to such records, docket and books; and also to all papers on file in different clerks' offices and shall have the right to take memoranda and abstracts thereto."

■■ Plaintiff correctly notes that this statute generally grants free access to public records such as the court file involved in this case. However, as plaintiff recognizes in its reply brief, a court has certain inherent power to control its records, and thus, the right to inspect public records is not absolute. (See *Nixon v. Warner Communications, Inc.* (1978), 435 U.S. 589, 598, 55 L. Ed. 2d 570, 580, 98 S. Ct. 1306, 1312; *In re Estate of Hearst* (1977), 67 Cal. App. 3d 777, 783, 136 Cal. Rptr. 821, 824.) The existence of the statute permitting access to these records does not abrogate the trial court's inherent power to control its files and to impound any part of a file in a particular case. (See *State ex rel. Ampco Metal, Inc. v. O'Neill* (1956), 273 Wisc. 530, 536, 539-40, 78 N.W.2d 921, 925-26.) Therefore, we reject plaintiff's contention that the trial court did not have the power to impound the court file in order to protect the rights of the parties as to trade secrets. See generally Annot., 62 A.L.R.2d 509 (1958).

We next consider to what extent the file in 73 L 5670 is impounded. Plaintiff argues that the orders do not impound the entire file while International Harvester and Sperry Rand contend that the entire file is impounded.

On June 12, 1973, Judge Mel R. Jiganti entered an agreed protective order which provided that all documents, materials, testimony or other matters developed during the course of discovery or at trial would be used solely for purposes of the lawsuit. In the event any such matters were designated as confidential, they would be maintained in confidence. The order further recited that if any such confidential information was embodied in any document ultimately filed with the court, it should be designated as confidential, and it would be maintained in camera. If desired or requested by either party, such documents could be filed in sealed envelopes on which would be written the title and docket number of the case, an indication of the nature of the contents of the envelope, a legend designating the matter as confidential and a statement in substantially the following form:

"This envelope containing documents which are filed in this case by [name of party] is not to be opened nor the contents thereof displayed or revealed except by order of the Court."

Any deposition transcripts or portions thereof containing confidential information were to be designated as such, and upon filing they would remain confidential until further order of the court.

■■ We agree with plaintiff that this order does not automatically impound the entire file. However, the order does set forth a procedure for

preserving the confidentiality of certain materials. Therefore, the file is impounded to the extent that the parties followed the procedure and designated any filed documents or deposition transcripts as confidential or as filed in camera. Also, under the circumstances involved here, the term "documents" is broad enough to encompass pleadings. Therefore, if confidential information was contained in documents filed as pleadings and the documents were properly designated, these documents are protected under the order. As to those portions of the file not designated as confidential or as filed in camera, plaintiff is entitled to examine the file. The fact that the order was an agreed order does not affect this result. The order was more than an agreement between the parties. It was an order entered and approved by the court, and therefore, it was an exercise of judicial power. See *Pope v. United States* (1944), 323 U.S. 1, 12, 89 L. Ed. 3, 11, 65 S. Ct. 16, 22.

■■ We next examine the order entered by Judge Samuel B. Epstein on March 21, 1974. The order stated that all transcripts of hearings held in the case, all pleadings, deposition transcripts, exhibits and related materials filed with the court would be sealed and maintained in camera. The next to last paragraph of the order stated, "This order shall expire on January 1, 1975." International Harvester and Sperry Rand interpret this paragraph to apply only to the restrictions recited in the immediately preceding paragraph in the order. They also contend that the last paragraph of the order impounding the order itself overrides the expiration clause. We do not find either of these arguments convincing. The language of the order makes it clear that Judge Epstein intended that the entire order would expire on January 1, 1975.

Also in regard to Judge Epstein's order, International Harvester and Sperry Rand argue that since it was an agreed order, the paragraph mandating the sealing of materials on file with the court was a designation pursuant to Judge Jiganti's order. Judge Jiganti's order requires the particular document, transcript or envelope to be designated as confidential, and therefore, we do not believe that the paragraph in Judge Epstein's order is sufficient to qualify as a designation under Judge Jiganti's order. Consequently, Judge Epstein's order is not effective to impound any part of the file in 73 L 5670.

The final protective order was entered by Judge Sheldon Brown on October 22, 1974. The order provided that all documents, materials, information or testimony relating to the marketing plans or marketing data or information of either party was to be used solely for purposes of the lawsuit. All deposition transcripts referring or relating to such materials were to be filed in camera. It was further ordered that the party desiring a document to fall under the terms of the order should stamp the pertinent document "restricted." The order also provided that at the conclusion of

the litigation, all such materials were to be returned to the party producing them.

■■ Plainly, Judge Brown's order does not impound any part of the file in 73 L 5670. The order provides that at the conclusion of the litigation, all of the documents protected under the order were to be returned to the party producing them. Therefore, none of these protected documents should be in the file at this time. In addition, this provision indicates that the order was not intended to impound any materials after the conclusion of the litigation.

It follows that of the three orders related to impoundment, only Judge Jiganti's order is effective to impound any part of the file and then only to the extent that the parties have properly designated the materials. The parties have properly designated some materials, and thus, they will remain impounded. Specifically, 14 envelopes were filed with the trial court, most of which were designated as confidential or as having been filed in camera. Those envelopes designated as such, as well as a few other filed documents similarly designated, shall remain impounded, and plaintiff has no right to view or inspect those materials. Also, the clerk of the appellate court is directed to seal these impounded documents and transmit them to the circuit court, where they are to remain impounded until further order of a court having jurisdiction of the matter. As to the remainder of the file, we remand the case to the circuit court with directions to order the clerk of the circuit court to make it available to plaintiff. Since we have segregated the documents which are to remain impounded, the only act which remains for the clerk of the circuit court to perform is the ministerial act of producing the remainder of the file for plaintiff's inspection.

Accordingly, the order dismissing plaintiff's complaint is reversed, and the case is remanded with directions as stated herein.

Reversed and remanded with directions.

McNAMARA and WHITE, JJ., concur.