JERRY M. AUFOX *et al.*, Indiv. and as Parents and Next Friends of David Aufox, Plaintiffs-Appellants, v. BOARD OF EDUCATION OF TOWNSHIP HIGH SCHOOL DISTRICT No. 113 *et al.*, Defendants-Appellees.

Second District   No. 2—91—0339

Opinion filed January 31, 1992.—Rehearing denied March 26, 1992.

Jerry M. Aufox, of Bensenville, *pro se*, for appellants.

Jeffrey R. Zehe, James T. Ferrini, and Michael R. Grimm, all of Clausen, Miller, Gorman, Caffrey & Witous, P.C., and Scariano, Kula, Ellch & Himes, both of Chicago (Imelda Terrazino, of counsel), for appellees.

JUSTICE DUNN delivered the opinion of the court:

Plaintiffs Jerry and Teresa Aufox appeal from orders of the circuit court of Lake County, dismissing counts I and II of their complaint against defendants Board of Education of Township High School District No. 113 *et al.* and granting defendants summary judgment on the remaining three counts. The issues on appeal are: (1) whether defendants' disclosure to attorneys representing the Board in administrative hearings concerning the special education placement of plaintiffs' son, David, of information from school records concerning his placement violates the Illinois School Student Records Act (Act) (Ill. Rev. Stat. 1989, ch. 122, par. 50—1 *et seq.*); (2) whether defendants' disclosure of such information to the clerk of the circuit court of Lake County in a complaint seeking judicial review of the decisions made in the aforementioned administrative hearings violates the Act; and (3) whether plaintiffs waived any protections provided by the Act against the above disclosures. We affirm.

The following facts are not disputed. The Board of Education of Township High School District No. 113 (Board) is the supervisory authority for Highland Park High School. David, who suffered from a behavior disorder, entered the high school in August 1988. In October 1988, the school district proposed placing David in a self-contained behavioral disorders program at the high school. Jerry and Teresa felt this program was inadequate to meet David's needs. They sought and received a hearing pursuant to sections 14—8.02(f) and (g) of the School Code (Ill. Rev. Stat. 1989, ch. 122, pars. 14—8.02(f), (g)) to challenge the proposed special education placement. Such a hearing is known as a Level I hearing. In the meantime they removed David from Highland Park High School and enrolled him at Valley View School, a private residential facility in Massachusetts.

The hearing officer issued a five-page order on February 18, 1989, approving the school district's proposed placement of David. Jerry and Teresa appealed the order pursuant to section 14—8.02(h) of the School Code (Ill. Rev. Stat. 1989, ch. 122, par. 14—8.02(h)). This is known as a Level II appeal. The reviewing officer concluded that David should be placed in a residential facility such as Valley View.

He declined Jerry and Teresa's request for partial reimbursement of expenses incurred to that date from sending David to Valley View because that facility had not been approved by the Illinois State Board of Education. Both the reviewing officer's report, which was dated May 22, 1989, and the hearing officer's report discussed David's behavioral problems and their nature.

Section 14—8.02(j) of the School Code (Ill. Rev. Stat. 1989, ch. 122, par. 14—8.02(j)) permits any party aggrieved by the reviewing officer's decision in a Level II hearing to bring a civil action for judicial review in the circuit court within 120 days. On July 20, 1989, the school district, through its retained attorneys, filed a complaint in the circuit court of Lake County for judicial review of the reviewing officer's decision. Copies of that decision and the hearing officer's order were attached to the complaint as exhibits. In those copies all letters of plaintiffs' last name following the first letter were blacked out so that they were referred to as Jerry A., Teresa A., and David A. The caption and body of the school district's complaint referred to plaintiffs in the same manner.

Jerry and Teresa filed an answer to the school district's complaint and a counterclaim on August 17, 1989. In the counterclaim they sought review of the reviewing officer's decision to deny their request for payment of a portion of the expenses incurred because of David's enrollment at Valley View. The counterclaim adopted and realleged several paragraphs of the school district's complaint including a paragraph which incorporated a copy of the reviewing officer's decision into the complaint.

On September 21, 1989, articles about the above case appeared in two local newspapers, the News/Voice and the Highland Park News. Neither article disclosed the identity of plaintiffs, referring to them only as Jerry A., Teresa A., and David A. The News/Voice article was a brief summation of the nature and background of the school district's suit. The Highland Park News article contained similar information although in greater detail. Both articles indicated that David was a high school student with behavioral disorders.

The school district suit and the counterclaim were subsequently dismissed pursuant to the agreement of the parties. On December 22, 1989, however, plaintiffs filed the lawsuit which led to the instant appeal. The named defendants were the Board, seven Board members, the school district superintendent, and two officials of Highland Park High School. Plaintiffs alleged in their second amended complaint that various defendants violated the Act by (1) allowing the school district's attorneys who prepared the complaint for judicial review of the

reviewing officer's decision access to copies of that decision and the hearing officer's decision; (2) revealing the contents of those two decisions to the Lake County circuit court clerk by attaching copies of them to the complaint for judicial review; and (3) revealing the information to the two newspaper reporters who authored the September 21, 1989, articles.

Defendants filed a motion to dismiss the complaint. The motion was granted as to counts I and II, which only contained allegations concerning the first two alleged violations of the Act which were listed above. The remaining three counts, which contained allegations that certain defendants revealed information to the reporters who wrote the articles, were not dismissed at this point. Defendants later filed a motion for summary judgment with regard to these counts. Each individual accused in the complaint of revealing the information mentioned in the articles to the two reporters submitted an affidavit stating that he or she did not do so. Both reporters submitted affidavits stating that the information they published was obtained by reviewing the court file of the case filed by the school district. The Highland Park News reporter's affidavit stated that she received confirmation of much of that information during a telephone conversation with Alan Sraga, one of the school district's attorneys.

The above affidavits were submitted in connection with defendants' motion for summary judgment. Plaintiffs filed no counteraffidavits. The trial court granted the motion in an order dated February 28, 1991. Plaintiffs appeal from that order and the earlier order granting the motion to dismiss with respect to counts I and II.

Plaintiffs contend that the school district's disclosure of the decisions in the Level I and II hearings to the attorneys representing the district in the case initiated by the complaint for judicial review of those decisions violated the Act. Section 6 of the Act (Ill. Rev. Stat. 1989, ch. 122, par. 50—6) prohibits release, transfer, disclosure, or dissemination of school student records or information contained in the records except in the circumstances specified in that provision. Section 2(d) defines a school student record as any writing or other recorded information concerning a student and by which the student can be individually identified maintained by a school or at its direction or by a school employee. (Ill. Rev. Stat. 1989, ch. 122, par. 50—2(d).) The Act divides school student records into student permanent records and student temporary records, the contents of which are subject to regulation by the State Board of Education. Ill. Rev. Stat. 1989, ch. 122, pars. 50—2(e), (f).

The parties do not dispute that the decisions from the Level I and II hearings are school student records. A State Board of Education regulation states that all records relating to special education placement hearings and appeals are student temporary records. (See 23 Ill. Adm. Code §375.10 (1985).) Section 6 of the Act does not authorize the disclosure of student records to attorneys representing a school district in special education placement proceedings.

■ Nevertheless, as defendants point out, section 14—8.02(g) of the School Code (Ill. Rev. Stat. 1989, ch. 122, par. 14—8.02(g)) permits any party to a Level I hearing to be represented by counsel. It would seem impossible for an attorney to represent a school district at a hearing concerning a student's special education placement without access to information from school records concerning that placement. Furthermore, the mere fact that the school district can have an attorney present at such a hearing will almost inevitably result in the attorney discovering confidential information about the student which is brought out at the hearing. We therefore conclude that the legislature in enacting section 14—8.02(g) intended to permit school districts to reveal to attorneys representing the district at special education placement hearings information from school records concerning the student who is the subject of the hearing.

Section 14—8.02 of the School Code therefore conflicts with section 6 of the Act (Ill. Rev. Stat. 1989, ch. 122, par. 50—6), which provides no exception permitting school districts to release information from school records to their attorneys. When there is an irreconcilable conflict between two statutes, the one which was more recently adopted will abrogate the other to the extent they are inconsistent. (*In re Marriage of Burke* (1989), 185 Ill. App. 3d 253, 258.) This is because it cannot be presumed that the legislature intended to enact contradictory provisions. *People ex rel. City of Salem v. McMackin* (1972), 53 Ill. 2d 347, 363.

Section 50—6 of the Act became law on March 24, 1976 (see Ill. Rev. Stat. 1977, ch. 122, par. 50—6). Section 14—8.02 of the School Code became law on August 25, 1978 (see Ill. Rev. Stat. 1979, ch. 122, par. 14—8.02). We therefore conclude that section 14—8.02 of the School Code abrogates section 6 of the Act to the extent that the provisions are inconsistent. Accordingly, a school district may reveal the contents of a student's school records to an attorney representing the district in proceedings concerning the student's special education placement. Because the school district's circuit court lawsuit was a continuation of such a proceeding, the district's release of the Level I

and Level II hearing decisions to its attorneys was proper and was not actionable.

■ Plaintiffs also argue that by attaching the Level I and II decisions to their complaint for judicial review certain defendants violated the Act by releasing information from school student records to the clerk of the circuit court of Lake County. Section 6(a)(6) of the Act (Ill. Rev. Stat. 1989, ch. 122, par. 50—6(a)(6)) states, however, that school student records or information contained therein may be released "[t]o any person as specifically required by State or federal law." Section 14—8.02(j) of the School Code states that if a party files a civil action in the circuit court to challenge the decision made in a Level II hearing, "the court shall receive the records of the administrative proceedings" (Ill. Rev. Stat. 1989, ch. 122, par. 14—8.02(j)). The word "shall" generally connotes a mandatory obligation. (*Newkirk v. Bigard* (1985), 109 Ill. 2d 28, 33.) We therefore conclude that transmission of the records from the Level I and II hearings including the decisions to the circuit court is required if a party files a complaint for judicial review of the Level II decision.

The clerk of the court in each judicial circuit has the statutory duty of preserving the files and papers of the court (see Ill. Rev. Stat. 1989, ch. 25, par. 13). Therefore the required transmission of the record of administrative proceedings, including the two decisions, to the circuit court is, in effect, a required transmission to the circuit court clerk, the official designated to preserve the court's files and papers. Defendants' disclosure to the clerk was therefore an authorized disclosure under the Act.

■ Prior to the time a disclosure of student records required by State or Federal law is made, the student's parents must receive written notice of the nature of the information to be released, an opportunity to inspect and copy the records, and an opportunity to challenge the contents of the records. (Ill. Rev. Stat. 1989, ch. 122, par. 50—6(a)(8).) It is obvious that the purposes of this provision are to ensure that parents will be aware of any information to be released and will have a chance to challenge the accuracy of that information. Defendants violated this provision by failing to give prior written notice to plaintiffs of the records to be disclosed in connection with the complaint for judicial review.

An individual may waive his or her statutory rights, however. (*Raimondo v. Kiley* (1988), 172 Ill. App. 3d 217, 223-24.) Waiver is the intentional relinquishment of a known right. (*Sexton v. Smith* (1986), 112 Ill. 2d 187, 193.) A waiver may be express or implied, and it may

arise from the conduct or words of the party waiving the right. *Sexton*, 112 Ill. 2d at 194.

Plaintiffs contend that they had a right to prior notice of the filing of the school district's complaint in order to take measures to restrict disclosure of the Level I and Level II decisions which were attached as exhibits to the complaint. Plaintiffs' actions, however, are completely inconsistent with the assertion of such a right. The two newspaper articles were not published for more than a month after plaintiffs filed their answer and counterclaim. In the meantime, plaintiffs took no steps to have the court file impounded (see *Deere & Co. v. Finley* (1981), 103 Ill. App. 3d 774, 776) in order to prevent public access to its contents. Instead, in their answer and counterclaim, which was a publicly filed document, plaintiffs acknowledged that the contents of the copies of the Level I and Level II decisions attached to the complaint were accurate. They also adopted into the counterclaim the copy of the Level II decision attached to the school district's complaint. Under these circumstances plaintiffs acquiesced in the disclosure of the information and waived the asserted right.

For the above reasons, the judgment of the circuit court of Lake County is affirmed.

Affirmed.

UNVERZAGT and BOWMAN, JJ., concur.