Rodney McNAIR *v.* Melinda A. McNair JOHNSON

CA 01-496                                                    57 S.W.3d 742

Court of Appeals of Arkansas
Opinion delivered October 24, 2001

*James G. Petty, Jr.*, for appellant.

*Mark Derrick*, for appellee.

JOHN B. ROBBINS, Judge. In this child-custody proceeding, appellant Rodney McNair has filed a motion seeking an order that would unseal a portion of the record containing the testimony of two of the three minor children of the parties. The trial court directed that the transcript of the children's testimony be sealed, in keeping with an agreement by the parties and representations made by the trial judge to these children at the time they were interviewed in chambers.

The issue raised by appellant in his appeal is whether there was sufficient evidence for the trial court to change custody of the children to appellee. Rule 6(b) of the Rules of Appellate Procedure—Civil provides in pertinent part:

> If the appellant intends to urge on appeal that a finding or conclusion is unsupported by the evidence or contrary thereto, he shall include in the record a transcript of all evidence relevant to such finding or conclusion.

Rule 4-2(a)(6) of the Rules of the Supreme Court then requires that the appellant include in his brief an abstract of this designated record, which would necessarily include the testimony of these children. While this rule recognizes an exception to the abstracting requirement for maps, plats, photographs, and other similar exhibits, which cannot be abstracted in words, the exception would not include the testimony of children given in camera.

██ Nor do the rules cited above make exception for testimony that has been sealed by order of the trial court. A meaningful *de novo* review to determine whether the trial court's findings were clearly against the preponderance of the evidence is not possible unless all relevant evidence upon which the chancellor relied is presented to us. Consequently, there does not appear to be a method available under existing law to permit children to testify on the record, whether in chambers or open court, yet exempt such testimony from the appellate rule requiring abstracting if it is designated as part of the record on appeal. We properly grant appellant's motion.

Some judges on our court would grant appellant alternative relief by waiving the abstracting requirement and would review directly the transcripts of the sealed testimony. If we did so, not only would we err, we would risk compounding that error. First, as noted above, we would contravene Rule 4-2(a)(6) promulgated by our supreme court; a rule we are not at liberty to disregard. Second, if we held that the merits of the appeal required reversal of the judgment under appeal, we would violate a doctrine of Arkansas appellate procedure that is so basic that citation to authority is not necessary, i.e., *we will not go to the record to reverse*. Those judges would have us pull aside the cloak of secrecy surrounding the sealed testimony, yet would not, in order to maintain this secrecy, permit us to disclose in our written opinion what we may have seen, even if pivotal to our decision. Surely, we should run from such a procedure.

As a postscript, we note that, while there was a record made in the instant case, *Administrative Order Number 4*, 305 Ark. 613 (Appendix) (1991), and Ark. Code Ann. § 16-64-129(a)(2) appear to countenance a waiver of a record by the parties. However, for the following reason this would not appear to be a satisfactory solution to the problem of allowing children to testify with confidentiality. If the parties agree to waive a record and permit the child or children to be interviewed privately by the trial judge, and the aggrieved parent desires to appeal, the absence of a record virtually renders the judge's decision irreversible. A statement of evidence as contemplated by Civil Rule of Appellate Procedure 6(d) is not possible because, under these circumstances, counsel were not privy to the testimony that was taken in chambers. The consequence of an appeal in this posture is an affirmance, because it is presumed that the matters presented in the unrecorded proceeding support the trial court's findings. *See Argo v. Buck*, 59 Ark. App. 182, 954

S.W.2d 949 (1997); *Rush v. Wallace*, 23 Ark. App. 61, 742 S.W.2d 952 (1988); *Wagh v. Wagh*, 7 Ark. App. 122, 644 S.W.2d 630 (1983).

Unsealing of the record is ordered.

HART, BIRD, GRIFFEN, NEAL, VAUGHT and ROAF, JJ., agree.

STROUD, C.J., PITTMAN, JENNINGS, CRABTREE and BAKER, JJ., dissent.

JOHN E. JENNINGS, Judge, dissenting. I respectfully dissent. At trial, the parties agreed that the trial judge would talk with the children in chambers and in confidence. The trial judge did so, on the record.

At a hearing on June 14 of this year the trial court declined to unseal the record of the children's testimony. The court expressed doubt about its jurisdiction to do so, but also stated:

> THE COURT: Yes, well, let me say this: If the record reflects what it should reflect, the parties agreed that I would meet with the children in private, and they waived any right to be here, or, in my judgment, to know what was said; otherwise, there would be no reason for me to speak candidly with the children. The children said some things which I judged would be detrimental to their best interest if it were revealed to their father and his family because they have to, under my order, visit with this family, and I think if they, the father and the new family were aware of what was said, I think that it would harm the children; and I spoke to them in confidence, they spoke to me with the understanding that it would not be revealed, so I'm still where I was in not doing it, and I don't know what we can do about that.
>
> . . .
>
> THE COURT: My memory of the record is this: We were on the record because I just don't go off the record, and my court reporter took down the conversation between me and the lawyers in chambers, and Mr. Morgan was reluctant to do it, and I said I wasn't going to force him or even lean on him to do it, but I was going to let – the only way I would do it is if they weren't here and if they understood that and that only I would hear it, and he went out and talked to his client and he came back and he said they agree. So I feel like that the parties waived the right to know, but I am still where I was. I would not release this no matter what because I'm

convinced that some things they said would be detrimental to their interests, with the ongoing relationship with the parties, regardless of what happens.

As I said, that puts you in a tough spot, but we're dealing with the kids here. We're dealing with their lives, and I believe judges have a certain amount of discretion in situations like that, and I think we dotted our I's and crossed our T's here where the people knew the ground rules, and I don't want the kids to pay for it. I think not only would they pay for it, I think forever after they would have no confidence in the system because I told them it wouldn't be revealed.

I see no cogent reason to reject the trial court's reasoning and ruling. The appellant agreed to the procedure that was followed at trial and now seeks to withdraw that agreement. I would deny the motion to unseal the children's testimony.

PITTMAN and CRABTREE, JJ., join in this opinion.

KAREN R. BAKER, Judge, dissenting. In this child-custody case, the trial judge sealed the testimony of children interviewed in chambers. Both parties waived any right they had to listen to the children's testimony and agreed that the children would meet privately with the judge. The trial court represented to the children that their statements to him would be held in confidence and these children spoke to the judge with the understanding that nothing they said would be revealed to the parties. In refusing to unseal the record, the trial court stated that disclosing the children's testimony to the father and his family would harm the children because the children, pursuant to the court's order, would have to continue visiting with the father and his family.

On appeal, the father filed a motion seeking an order that would unseal a portion of the record containing the testimony of the children to the judge in chambers citing the need for abstracting on appeal. In the alternative, he asked we waive the abstracting requirement and review the record itself regarding the children's sealed testimony. I would grant appellant's alternative request. The trial court properly exercised its inherent authority to seal the record and nothing indicates that this court should find otherwise. The majority finds no fault with the judge's sealing of the record, but merely struggles with an apparent inability to reconcile our duty to review the judge's decision that is based in part upon a sealed

record with our procedural requirement to abstract the records of the proceeding.

The Majority states that "there does not appear to be a method available under existing law to permit children to testify on the record, whether in chambers or open court, yet exempt such testimony from the appellate rule requiring abstracting if it is designated as part of the record on appeal." I agree with the majority that a waiver of a record by the parties would be an unsatisfactory solution to the problem of allowing children to testify with confidentiality. The absence of a record would render it impossible for us to perform our responsibility as a reviewing court.

Yet, the alternative relief requested allows us to properly review the judge's decision and at the same time ensure that the children are protected from the harm the trial judge recognized that unsealing the record would pose to the children.

Although the decision we review is that of declining to unseal the records, the issue is whether the records should have been sealed in the first place. *Arkansas Best Corp. v. General Elec. Capital Corp.*, 317 Ark. 238, 878 S.W.2d 708 (1994). As Judge Jennings's dissent explains, the parties agreed that the record should be sealed prior to the children's testifying. Nothing indicates that the judge erroneously sealed the record. When the judge declined to unseal the record of the children's testimony, he reiterated the parties' waiver of any right to know what was said and stated his belief that if the father and his family were aware of what the children said, that it would be detrimental to the children. The judge specifically mentioned that the court ordered visitation of the children with the father would be the source of the harm to the children if the record were unsealed.

Our procedural rules recognize the need to hold certain information in confidence. Rule 26 of the Arkansas Rules of Civil Procedure provides for protective orders closing depositions, for protection of trade secrets, and for filing specified documents in sealed envelopes. In addition, Rule 6-3 of the Rules of the Supreme Court provides for anonymity in certain appellate proceedings by the use of the initials of the first and last names of children involved in adoption or juvenile proceedings. We often utilize this rule for appeals in adoption proceedings after the final order has been entered. *See, e.g., In Re Adoption of K.F.H. and K.F.H.*, 311 Ark. 416, 844 S.W.2d 343 (1993). We have recognized the inherent authority of a trial court to issue appropriate protective

orders to control court records, and, thus, the right to inspect public records is not absolute. *See City of Fayetteville v. Edmark*, 304 Ark. 179, 801 S.W.2d 275 (1990). Many jurisdictions have made similar holdings. *See, e.g., Deere & Co. v. Finley*, 103 Ill.App.3d 774, 59 Ill.Dec. 444, 431 N.E.2d 1201 (1981); *Church of Scientology v. Armstrong*, 232 Cal.App.3d 1060, 283 Cal.Rptr. 917 (1991); *Werfel v. Fitzgerald*, 23 A.D.2d 306, 260 N.Y.S.2d 791 (1965).

The trial court in this case properly exercised its inherent authority to seal the record and properly declined to unseal the record to protect the children from harm. Our ordering the record to be unsealed in order to comply with the abstracting requirement subjects the children to the harm from which the trial court was protecting them. It is unnecessary to do so when we can grant the alternative relief of waiving the abstracting requirement and reviewing a small part of the record ourselves.

Therefore, I would grant the alternative relief.

STROUD, C.J., joins this dissent.