NOTICE

Decision filed 05/12/06. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

NO. 5-05-0092

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

_____

| | |
|---|---|
| BRENT IBATA, | ) Appeal from the |
| | ) Circuit Court of |
| Plaintiff-Appellant, | ) Madison County. |
| | ) |
| v. | ) No. 04-LM-179 |
| | ) |
| BOARD OF EDUCATION OF | ) |
| EDWARDSVILLE COMMUNITY UNIT | ) |
| SCHOOL DISTRICT NO. 7; | ) |
| EDWARDSVILLE COMMUNITY UNIT | ) |
| SCHOOL DISTRICT NO. 7; TUETH, | ) |
| KEENEY, COOPER, MOHAN AND | ) |
| JACKSTADT P.C.; and MERRY RHOADES, | ) Honorable Lola Maddox and |
| | ) Honorable Barbara Crowder, |
| Defendants-Appellees. | ) Judges, presiding. |

_____

JUSTICE McGLYNN delivered the opinion of the court:

Brent Ibata is the father of a little girl who attended the early childhood special education program in Edwardsville Community Unit School District No. 7 (District) in 2003. After a parent/teacher conference and other visits to his daughter's classroom, Ibata became concerned and requested copies of his daughter's student records. After getting no response and renewing his request for his daughter's records verbally and in writing several times, Ibata initiated a due process proceeding on December 17, 2003, pursuant to the Individuals with Disabilities Education Act (20 U.S.C. §1415 (2000)), which included his claim that the District failed to grant him access to his daughter's records.

Thereafter, on January 26, 2004, Ibata sued the District, the District's board of education, the District's law firm, and one of the law firm's former attorneys. The complaint was filed in state court and alleged a variety of claims. In counts I through IV, Ibata claimed

1

that the District and its attorneys failed to provide him access to his daughter's educational records and, without his or his wife's consent, improperly released these records to the District's legal counsel, in violation of the Illinois School Student Records Act (Student Records Act) (105 ILCS 10/1 *et seq.* (West 2002)). In the remaining counts, Ibata also claimed that either the District or its legal counsel improperly transferred several pages of his daughter's student records to her developmental pediatrician without his or his wife's consent, in violation of the Mental Health and Developmental Disabilities Confidentiality Act (740 ILCS 110/1 *et seq.* (West 2002)).[1]

In response, the defendants filed motions to dismiss and for a summary judgment. The trial court granted these motions–dismissing Ibata's Student Records Act claim under count I for a failure to exhaust his administrative remedies, dismissing Ibata's Student Records Act claims under counts II and III for a failure to state a claim upon which relief could be granted, and granting a summary judgment on the remaining counts–counts IV and VI–because Ibata presented no factual basis that would entitle him to a judgment in his favor.

---

[1]Ibata withdrew another claim that the District and its attorneys had violated the Freedom of Information Act (5 ILCS 140/1 *et seq.* (West 2002)) by failing to provide him access to his daughter's records.

Ibata now appeals. We affirm in part and reverse in part.

In his first point on appeal, Ibata asserts that the trial court erred in ruling he must exhaust administrative remedies under the Individuals with Disabilities Education Act before filing suit under the Student Records Act.[2] We agree.

Under the Individuals with Disabilities Education Act, a parent of a disabled child may present a complaint to the school district that sets forth any violation of the Individuals with Disabilities Education Act. 20 U.S.C. §1415(b)(6)(B) (2000). One procedural safeguard afforded by the Individuals with Disabilities Education Act is the "opportunity for the parents of a child with a disability to examine all records relating to such child." 20 U.S.C. §1415(b)(1) (2000). This is the Individuals with Disabilities Education Act protection Ibata sought to enforce when he initiated the due process proceeding before the District. Because the Individuals with Disabilities Education Act also requires the parent to exhaust his administrative remedies before filing a civil suit (20 U.S.C. §1415(l) (2000); *McCormick v. Waukegan School District #60*, 374 F.3d 564, 568 (7th Cir. 2004); *Charlie F. v. Board of Education of Skokie School District 68*, 98 F.3d 989 (7th Cir. 1996)), it appears at first glance that Ibata's student-records claims were properly dismissed.

---

[2]We note that Equip for Equality, Inc., a voluntary nonprofit corporation designated by the Governor to advocate on behalf of and protect the rights of people with physical, developmental, and mental disabilities in Illinois, has filed an *amicus curiae* brief on this issue as well.

That conclusion is incorrect, however, since Ibata did not file his civil suit under the Individuals with Disabilities Education Act. Ibata chose not to file suit in federal court under the Individuals with Disabilities Education Act and chose instead to file suit in state court under Illinois state law–under the Student Records Act, which has no exhaustion requirement and allows parents to make claims for access to their child's student records directly in the circuit court. See *Aufox v. Board of Education of Township High School District No. 113*, 225 Ill. App. 3d 444, 588 N.E.2d 316 (1992); *Bowie v. Evanston Community Consolidated School District No. 65*, 128 Ill. 2d 373, 538 N.E.2d 557 (1989); *John K. v. Board of Education for School District 65*, 152 Ill. App. 3d 543, 504 N.E.2d 797 (1987).

We find nothing that prevents Ibata from bringing these claims directly under the Student Records Act, and since none of the defendants asserts that the Student Records Act is preempted by the Individuals with Disabilities Education Act, we find that the trial court erred in dismissing Ibata's Student Records Act claims for a failure to exhaust his administrative remedies.

Ibata next argues that the trial court erred in finding that the District had the right to release his daughter's confidential student records to its attorneys without prior parental notice in preparation for the Individuals with Disabilities Education Act hearing that Ibata initiated. We disagree. School districts may reveal the contents of a student's school record to attorneys representing the district in proceedings concerning the student's special education placement, without prior parental notice. *Aufox v. Board of Education of Township of High School District No. 113*, 225 Ill. App. 3d 444, 448-49, 588 N.E.2d 316, 319-20 (1992). "It would seem impossible for an attorney to represent a school district at a hearing concerning a student's special education placement without access to information from school records concerning that placement." *Aufox*, 225 Ill. App. 3d at 448, 588 N.E.2d at 319. Accordingly, the trial court did not err in dismissing Ibata's Student Records Act claims

4

contained in counts II and III.

Ibata next argues that the trial court abused its discretion when it granted the District an extension of time to answer Ibata's request for admissions. Again, we disagree. Supreme Court Rule 183 (134 Ill. 2d R. 183) provides the trial court with discretion to allow responses to requests for admissions to be served beyond the 28-day time limit. "However, that discretion does not 'come into play' unless the respondent first establishes good cause for the extension." *Larson v. O'Donnell*, 361 Ill. App. 3d 388, 395, 836 N.E.2d 863, 869 (2005). When the trial court considers "good cause," prejudice to the opposing party is irrelevant. *Larson*, 361 Ill. App. 3d at 395, 836 N.E.2d at 869. "Rather, the respondent must assert some independent basis as to why his untimely response should be allowed." *Larson*, 361 Ill. App. 3d at 395, 836 N.E.2d at 869.

We review the trial court's ruling on a motion for an extension of time for an abuse of discretion. *Larson*, 361 Ill. App. 3d at 395, 836 N.E.2d at 869. In this case, we find none. Although Ibata claims that he did not receive notice of the District's motion until after the trial court had granted the extension, the record shows that the motion had been mailed several days before the answer to the request for admissions was due. More relevant to the case law above, the record also reveals that Ibata's request for admissions was voluminous and requested information on a variety of issues. Accordingly, we find the granting of an extension of time to be reasonable.[3]

---

[3]Ibata also asserts that the District's motion for an extension of time improperly lacked a statement pursuant to Supreme Court Rule 201(k) (166 Ill. 2d R. 201(k)) that counsel had attempted to resolve discovery differences before the filing of the motion. Ibata's reliance on this rule is misplaced, because a motion for an extension of time does not constitute the sort of discovery motion contemplated by Rule 201(k).

5

In his last point, Ibata argues that there are genuine issues of material fact which prohibited the trial court's entry of a summary judgment on Ibata's remaining counts brought under the Student Records Act and the Mental Health and Developmental Disabilities Confidentiality Act (740 ILCS 110/1 *et seq.* (West 2002)). After *de novo* review (*Espinoza v. Elgin, Joliet & Eastern Ry. Co.*, 165 Ill. 2d 107, 113, 649 N.E.2d 1323, 1326 (1995)), we disagree.

A summary judgment should be granted without delay if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue regarding any material fact and that the moving party is entitled to a judgment as a matter of law. 735 ILCS 5/2-1005(c) (West 2002). Although the plaintiff is not required to prove his case to oppose a motion for a summary judgment, he must present some factual basis that would entitle him to a judgment. Ibata simply did not.

In this case, Ibata's claims are based on the fact that some of his daughter's educational records were found in the possession of his daughter's pediatrician. Since Ibata states that he did not release these records to the pediatrician, he alleges "upon information and belief" that the District or its attorneys must have. In support of their motions for a summary judgment, the District's director of special education and the District's attorney filed affidavits denying any knowledge that any of Ibata's daughter's records were in the possession of the pediatrician and denying the speculation that either released the records, if the pediatrician indeed possessed them. Our review of Ibata's affidavit reveals assertions of what he believes certain people "might say." We find this, as the trial court did, little but conjecture and conclusions.

As one of his issues on appeal, Ibata argues, "The Circuit Court Erred By Making A Factual Determination As To The Records Without An *In Camera* Examination Of The Relevant Records And Communications." It is clear, however, that Ibata provided the trial

6

court with none of this information. As the trial court noted in its order:

"Plaintiff has no facts from the alleged recipient; the Court inquired as to information from plaintiff's daughter's doctor. Plaintiff advised the doctor had no information. Plaintiff stated[:] 'I asked the doctor. The doctor is not aware of where she got the records. ... I haven't had an opportunity to take a look at their telephone logs, the communications, the fax logs, all those to see where the records came from.' Plaintiff filed this lawsuit in January 2004. Plaintiff's failure one year later to have looked at his own daughter's pediatrician's records does not prevent entry of summary judgment. If the information that has been filed is all that were presented at trial, even viewing it in the light most favorable to plaintiff, this Court could not allow the case to go to a jury."

Since Ibata provided the trial court no facts to dispute the affidavits produced by the defendants in support of their motions for a summary judgment, Ibata simply could not support the allegations presented in counts IV and VI. Therefore, the trial court did not err in granting a summary judgment in favor of the defendants.

For the foregoing reasons, we affirm the trial court's dismissal of counts II and III and the entry of a summary judgment on counts IV and VI. Since Ibata was not required to exhaust his administrative remedies under the Individuals with Disabilities Education Act before bringing a claim in state court under the Student Records Act, we reverse the dismissal of count I by the trial court and remand for further proceedings.

Affirmed in part and reversed in part; cause remanded.

GOLDENHERSH and CHAPMAN, JJ., concur.

7

NO. 5-05-0092

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

| | | |
|---|---|---|
| BRENT IBATA, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Madison County. |
| | ) | |
| v. | ) | No. 04-LM-179 |
| | ) | |
| BOARD OF EDUCATION OF | ) | |
| EDWARDSVILLE COMMUNITY UNIT | ) | |
| SCHOOL DISTRICT NO. 7; | ) | |
| EDWARDSVILLE COMMUNITY UNIT | ) | |
| SCHOOL DISTRICT NO. 7; TUETH, | ) | |
| KEENEY, COOPER, MOHAN AND | ) | |
| JACKSTADT P.C.; and MERRY RHOADES, | ) | Honorable Lola Maddox and |
| | ) | Honorable Barbara Crowder, |
| Defendants-Appellees. | ) | Judges, presiding. |

---

**Opinion Filed**: May 12, 2006

---

**Justices**:   Honorable Stephen P. McGlynn, J.

Honorable Richard P. Goldenhersh, J., and
Honorable Melissa A. Chapman, J.,
Concur

---

**Attorney for Appellant**   Brent Ibata, 230 Aspen Point, Glen Carbon, IL 62034 (*Pro se*)

---

**Attorneys for Appellees**   Robert L. Jackstadt, Elizabeth J. Mooney, Tueth, Keeney, Cooper, Mohan & Jackstadt, P.C., 101 W. Vandalia, Suite 210, Edwardsville, IL 62025 (Attorneys for Board of Education of Edwardsville Community Unit School Dist. No. 7 & Edwardsville Community Unit School Dist. No. 7)

A. J. Bronsky, Agota Peterfy, Brown & James, P.C., 1010 Market Street, 20th Floor, St. Louis, MO 63101-2000 (Attorneys for Merry Rhoades and Tueth, Keeney, Cooper, Mohan & Jackstadt, P.C.)

| **Attorneys for** *Amicus Curiae* | Karen I. Ward, Sarah E. Price, Equip for Equality, Inc., 20 N. Michigan Ave., Suite 300, Chicago, IL 60602 |
|---|---|